## Helen W. Lea *vs.* John Lea.

A party to a marriage by whose extreme cruelty the desertion of the other party has been caused, or a husband whose gross or wanton and cruel neglect to provide suitable maintenance for his wife, he being of sufficient ability so to do, has caused her desertion of him, cannot maintain a libel on the Gen. Sts. *c.* 107, § 7, for a divorce on the ground of such desertion.

The voluntary character of the withdrawal of a wife from cohabitation with her husband, caused by his extreme cruelty or his gross or wanton and cruel neglect to provide suitable maintenance for her, he being of sufficient ability so to do, does not deprive her of her right to a divorce on the ground of desertion, although he accompanies his acts of cruelty or neglect with permission for her to leave him.

A verdict and judgment are conclusive by way of estoppel only as to facts without the existence and proof or admission of which they could not have been rendered.

A decree dismissing a libel for a divorce, which may have been entered upon the ground of either one of three sufficient defences relied on by the libellee, is conclusive between the parties as to neither of them.

A decree dismissing, after a hearing on the merits, the libel of a husband, on the Gen. Sts. *c.* 107, § 7, for a divorce from his wife on the ground of her desertion continued for five years consecutively without his consent, in defence against which she denied that she was guilty in manner and form as alleged, and specified that her withdrawal from him was caused by his extreme cruelty, or his wanton and cruel neglect to provide suitable maintenance for her, he being of sufficient ability so to do, is no bar to a libel by her against him, on the same statute, for a divorce for the same desertion.

LIBEL filed January 16, 1867, for a divorce from the bond of matrimony for the cause of the libellant's desertion of the libellee " for a period of five years consecutively, to wit, from March 31 1858, to the day of the filing of this libel," which desertion was alleged to have been caused by extreme cruelty of the libellee, and by his wanton and cruel neglect to provide suitable maintenance for the libellant, he being of sufficient ability so to do; also for the cause of the adultery of the libellee.

At the hearing it was admitted that the desertion relied on began at and continued during the same time as the desertion alleged and relied on in a libel filed by this libellee against this libellant at May term 1863 for Berkshire. The record of that suit was introduced in evidence, by which it appeared that the libel then by the husband alleged that the wife had deserted him for five years consecutively without his consent; and that in defence against the same she denied that she was guilty in manner and form as alleged, and specified that she had been compelled to withdraw from cohabitation with him by his extreme cruelty and by his wanton and cruel neglect to provide suitable maintenance for her, he being of sufficient ability so to do; that on trial by jury a verdict was returned that the wife was not guilty; and that the case was thereafter continued, on a report of the presiding justice to the full court, until September term 1864, when a decree was entered dismissing the libel, after the decision reported 8 Allen, 418, which decision it was agreed might be referred to in this suit.

The question, whether that decree was conclusive evidence in this suit that there had not been such desertion as was necessary to sustain this libel, was reserved by *Gray,* J., for the determination of the full court; the case to stand for trial on all the allegations, if in their opinion the decree was not so conclusive; otherwise, to stand for trial only on the allegation of adultery.

*J. Dewey, Jr.,* for the libellant.

*T P. Pingree & J. M. Barker,* for the libellee.

WELLS, J. The wife alleges that she deserted her husband, and that the desertion was caused by his extreme cruelty and by his gross, wanton and cruel neglect to provide suitable mainte-

nance for her.   In the former case of *Lea* v. *Lea*, 8 Allen, 418,
the husband sought a divorce on the ground of the same act of
desertion by the wife which she relies on in this case.   She then
denied that it was legally such a desertion as entitled him to a
divorce, setting up his wrongful acts in justification.   The court
instructed the jury that, if they should find that the respondent
left her husband with his approbation, wishes or consent, it did
not constitute a desertion in law.   It does not appear whether
the verdict for the respondent in that case was rendered upon
the ground that the desertion was caused by cruelty, &c., or that
it was by consent.   Either would have been a sufficient defence,
because this court then decided that under the St. of 1857,
*c.* 228, § 2, (Gen. Sts. *c.* 107, § 7,) as well as under the St. of
1838, *c.* 126, a divorce for desertion can be granted only when
the separation has been caused by the wrongful conduct of the
party against whom the divorce is sought.   A party, therefore,
who has caused the separation by his cruelty, neglect, or consent
thereto, cannot charge it upon the other as a desertion which en-
titles him to a release from his obligations.   But the statute ex-
pressly authorizes the party withdrawing from the marriage rela-
tion, on account of cruelty or neglect, to obtain a divorce after five
years.   The application of the term " desertion " to such a with-
drawal must be understood with reference to the subject matter
of the provision, and the term, in that connection, interpreted
accordingly.   Desertion, in the sense of separation, is the condi-
tion of a divorce in either case.   It is granted against the party
whose wrongful conduct caused the separation ; and refused to
such party, when applying for it, although the other party has
withdrawn from his society, and, in that sense, deserted him.

Some ambiguity arises from the language of the first clause
of the section, which seems to authorize a divorce " in favor of
either party."   But the effect of this language is controlled by
the terms of the proviso ; and, as already seen, the interpreta-
tion derived from the whole of the section, aided by reference to
the preceding legislation upon the subject, is, that the divorce is
granted against but not in favor of the party by whose wrong-
ful conduct the separation was caused.

When the separation is by mutual consent, neither party can obtain a divorce. But the voluntary withdrawal of the wife, induced by cruelty or neglect of the husband, is not such consent as would deprive her of the right to a divorce, even if the husband should accompany his cruelty or neglect with permission for her to depart from his house and society.

The question then recurs as to the effect of the verdict and judgment in the former case. The present respondent contends that the result of the first suit was to disprove the fact of desertion by the wife; and that such finding is conclusive upon her in this proceeding; that the desertion by her, required for the purposes of this suit, must be of the same character as would be required to be shown as ground of a divorce in favor of the other party. But such a construction would render the provision for a divorce, in favor of the party deserting, entirely nugatory. The construction already indicated, that in all cases of separation a divorce may be granted against the party in fault in favor of a party who is not chargeable with fault therein, gives to the whole section consistent operation and effect.

The issue tried in the former suit was not merely upon the bare fact alleged, of desertion for five years by the wife, but upon that question modified by her grounds of justification; namely, cruelty, neglect to provide, and consent. It does not follow, because the only question brought up by the exceptions in that case related to the ground of consent, that the judgment or the verdict of the jury was rendered upon that ground. It might equally have been upon the ground either of cruelty or neglect, and in that case would be entirely consistent with the position of the libellant in this case. Indeed, if it could be made to appear to have been rendered upon either of the latter grounds, it would seem to be conclusive in her favor upon that part of her case. But there are no means of determining upon which of the three consistent grounds of defence the verdict was rendered; and therefore it cannot be conclusive upon either.

*Case to stand for trial upon all the allegations of the libel*