## EDWARD FOYE *vs.* PAUL D. PATCH.

Essex. Nov. 1, 1881. — Jan. 5, 1882. MORTON & ALLEN, JJ., absent.

In an action against an executor for the conversion of a chattel, alleged to be the property of the plaintiff, the defendant, after the plaintiff has made out a *prima facie* case, may, under an answer denying property in the plaintiff, put in evidence that the chattel belonged to the defendant's testator.

The fact that a person, who testifies to the genuineness of the signature of another with which he is familiar, cannot read or write, goes to the weight, but not to the competency, of his testimony.

A party to a written agreement, signed by his mark, testified that he could not read or write; that he did not know the contents of the writing, and that it was not read to him or explained to him. There was also evidence that he had made a settlement with the other party to the contract based upon the agreement contained in the paper. *Held*, in the absence of evidence that his mark was procured by fraud, that the paper was admissible in evidence against him, in an action in which the title to a chattel, the subject matter of the contract, was in issue.

Under the Gen. Sts. c. 129, if a former judgment is an adjudication between the same parties to a second action, and against the plaintiff, of issues which tend directly to disprove the allegations contained in the declaration, it is admissible in evidence under an answer denying those allegations.

Although a former judgment, if rendered on the merits, is an absolute bar to a subsequent action for the same cause of action, between the same parties, yet if the second action is upon a different cause of action from the first, the judgment in the former action is conclusive only upon those issues which were actually tried and determined; and, if extrinsic evidence is necessary to determine what issues were actually tried and determined, such evidence must be snbmitted to the jury.

TORT in two counts. The first count was for the conversion of a quantity of bricks, alleged to be the property of the plaintiff. The second count was for the conversion of a number of cords of wood also alleged to be the property of the plaintiff. The answer denied that the bricks and wood were ,the property of the plaintiff, and that the defendant had converted the same. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence. tending to prove that the bricks and wood were his property at the time of the alleged conversion. The defendant, against the plaintiff's objection, was then allowed to introduce evidence that the bricks were made by the plaintiff in performance of a written agreement between the plaintiff and Charles Dustin, by which the plaintiff agreed to make the bricks for Dustin; that the wood was the property of Dustin; and that the defendant was the executor of Dustin, and in said capacity of executor sold the property in question for the purposes of his trust. To the admission of this evidence, under the pleadings, the plaintiff excepted.

The defendant claimed title to the bricks under said written agreement, which purported to be signed by Dustin, by the plaintiff with his mark, and by E. N. Cummings as an attesting witness. Cummings was out of the Commonwealth at the time of the trial. The plaintiff, who could not read or write, but who had seen and was familiar with Cummings's signature, was asked, on cross-examination, if he thought said signature was in Cummings's handwriting; and he answered, "I think it is." The plaintiff excepted to the admission of this evidence.

The plaintiff was shown said written agreement, and testified that he made his mark on the agreement, but that he did not know its contents, and that it was neither read to him nor did he ask to have it read to him, nor was it explained to him.

The defendant offered no evidence that it was so read or explained. There was evidence of a settlement by the plaintiff with Dustin, and the signing of papers relating to such settlement by the plaintiff, having reference to, and upon the basis of, said contract. To the admission of the agreement in evidence under these circumstances the plaintiff excepted.

The defendant offered in evidence the record of an action in the Haverhill Police Court, commenced by writ dated in 1875, in which the present plaintiff was the plaintiff and James N. West was the defendant. The declaration in said action was in trover, for the conversion of thirty-seven cords of wood, and judgment was rendered therein for the defendant. The defendant also offered evidence tending to show that when he, in his capacity of executor, for the purposes of his trust, sold by auction the property claimed in this action, he sold two and a half cords of wood to one Heath, who employed West to haul the same. J. P. Jones, Esq. testified that he was employed by Patch to defend the action against West, and did defend the same for Patch, as the defendant in interest; that the defence was, that the wood hauled by West, not exceeding three cords, was the property of Patch, as executor of Dustin's will, but he could not remember on what grounds the plaintiff claimed to own the wood, nor on what ground he defended, except that he remembered putting in evidence that the plaintiff had admitted that Dustin owned all the wood in question in that case.

The defendant contended that, with this evidence, said judgment was a bar to the plaintiff's claim for the wood sued for in this action; and the judge, against the plaintiff's exception, so ruled, and directed the jury that the plaintiff was not entitled to recover for any wood sold by the defendant as executor. The plaintiff had introduced evidence tending to prove, and it was not controverted, that Patch sold about thirty-five cords of wood by auction, of which that sold to Heath was a part.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. B. Ives, Jr. & W. H. Moody*, for the plaintiff.

*B. B. Jones,* (*H. Carter* with him,) for the defendant.

FIELD, J.  The evidence that the bricks were made for Charles Dustin, and that the wood was the property of Dustin, and that the defendant, Paul D. Patch, " was the executor of Dustin, and in said capacity of executor sold the property in question for the purposes of his trust," was plainly introduced to show that the property in the bricks and wood, at the time of the alleged conversion, was in Paul D. Patch, as said executor, and tended directly to disprove the allegation of the declaration, that the bricks and wood were the property of the plaintiff.  This evidence was therefore admissible under the pleadings.  *Verry* v. *Small*, 16 Gray, 121.  *Rodman* v. *Guilford*, 112 Mass. 405.  *Warren* v. *Ferdinand*, 9 Allen, 357.  *Hill* v. *Crompton*, 119 Mass. 376.

That the plaintiff could not read or write was a fact that went to the weight, but not to the competency, of his testimony in regard to the genuineness of the signature of Cummings.

The written agreement was admissible in evidence, although the plaintiff testified " that he did not know its contents, and that it was neither read to him, nor did he ask to have it read to him, nor was it explained to him."  There was evidence that the plaintiff had made a settlement, and had signed papers relating to such settlement, " having reference to, and upon the basis of, said contract," and this evidence alone would require that the agreement should be admitted in evidence, and the question submitted to the jury whether the plaintiff had executed or ratified the agreement under such circumstances that he was bound by it.  But, apart from this evidence, as there was no evidence of any fraud practised upon the plaintiff, the agreement was admissible.  The jury might have disbelieved the plaintiff's testimony, although the defendant offered no evidence that it was so read or explained, or might have believed that, although the plaintiff's testimony was literally true, yet the written agreement correctly set forth the agreement as actually entered into between the parties ; and it is unnecessary to consider whether a person who cannot read or write is, in the absence of any fraud or imposition practised upon him, conclusively presumed to assent to a written contract which he has executed, but which he did not ask to have read to

him, and which was not read to him. See *Trambly* v. *Ricard*, 130 Mass. 259.

The record of the action in the Haverhill Police Court, and of the judgment therein, with the oral testimony relating to the issues tried and determined in that action, were introduced in evidence for the purpose of showing that the property in the wood was, at some time, in Paul D. Patch, and therefore was not in the plaintiff, and, if competent, was admissible under the answer, which denied that the wood was the property of the plaintiff; because it tended directly to disprove the plaintiff's case. But the exception is taken, that, as this judgment was introduced in evidence under a general denial contained in the answer, and was not specially set out in the answer, it is not conclusive evidence of anything, but only evidence to be submitted to the jury, to be considered and weighed by them.

Under the rules of pleading formerly used in this Commonwealth, and while special pleas in bar were permitted, it was held that a former judgment, to be conclusive, must be specially pleaded in bar, unless the party relying on it as a defence has had no opportunity of so pleading it, in which case it was allowed to have the same effect when offered in evidence under the general issue. *Gilbert* v. *Thompson*, 9 Cush. 348. *Eastman* v. *Cooper*, 15 Pick. 276. *Howard* v. *Mitchell*, 14 Mass. 241. By not specially pleading a judgment in bar as an estoppel, where the defendant had had the opportunity of so pleading it, it was considered that the defendant had waived the estoppel. In *Sprague* v. *Waite*, 19 Pick. 455, which action was brought after the passage of the St. of 1836, *c.* 273, prohibiting all pleas in bar except the general issue, the court say: " Before the statute prohibiting special pleadings, if the facts relied upon by the defendant had been pleaded by way of estoppel, the plea unquestionably would have been held good. And consequently as it cannot now be so specially pleaded, the evidence to prove the identity of the causes of action in the two suits must, if satisfactory, be held conclusive." In *Gilbert* v. *Thompson*, *ubi supra*, which action was brought January 15, 1849, while the St. of 1836, *c.* 273, was in force, the court say: " But it would certainly seem to be reasonable, and in accordance with the principle upon which the

rule of pleading was originally founded, that any matter relied upon as an estoppel should be set out in the specification of defence ; otherwise, it ought to have no other effect than as evidence, competent under the general issue, to be passed upon by the jury." But this question was left undetermined in that case.

The Sts. of 1851, c. 233, and 1852, c. 312, — which last was incorporated into the General Statutes as chapter 129, — made a radical change in the law of pleading in personal actions. Special pleas in bar as formerly used were abolished, as well as the general issue in all except real and mixed actions. Gen. Sts. c. 129, § 15. Every substantive fact intended to be denied must be denied in the answer in clear and precise terms. § 17. Every substantive fact intended to be relied upon in avoidance of the action must be set forth in the answer, in clear and precise terms. § 20. And no party shall be required to state evidence, or to disclose the means by which he intends to prove his case. § 27.

Under this chapter, the effect of a former judgment, if such judgment is admissible in evidence, under the pleadings, cannot depend upon the form of the pleadings. If the judgment be a fact relied upon in avoidance of the action, it must be set forth in the answer. Such a judgment, of a peculiar nature, is a discharge in bankruptcy or insolvency. But if the judgment be an adjudication between the same parties, and against the plaintiff, of issues which tend directly to disprove the allegations contained in the declaration, then it is admissible in evidence under an answer denying those allegations. A former judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action for the same cause of action, between the same parties. The parties are concluded by the judgment, not only upon all the issues which were actually tried, but upon all issues which might have been tried in the former action ; so that a new action for the same cause of action, between the same parties, cannot be maintained or defended on grounds which might have been tried and determined in the former action. But when the second action between the same parties is upon a different cause of action from the first, then the judgment in the former action is conclusive only upon those issues which were actually tried

and determined. What these issues were may appear from the record, or may not; but when extrinsic evidence is necessary in order to determine what issues were actually tried and determined, or to determine the identity of the parties or of the subject matter, such evidence must be submitted to the jury, with appropriate instructions; and only such issues as they find by evidence to have been actually tried and determined, and on which the judgment was rendered, or such issues as by reasoning are essential to and necessarily involved in the former verdict and judgment, are to be considered as conclusively determined between the parties. It may be that in the former action there were distinct defences or distinct grounds on which it might have been maintained, and that evidence was introduced and submitted to the jury on more than one issue, and that a general verdict was returned, on which judgment was entered, so that it becomes impossible to determine, in a subsequent action, either by reasoning or by evidence, what issues were actually tried and determined in the former action. *Burlen* v. *Shannon*, 99 Mass. 200. *Lea* v. *Lea*, 99 Mass. 493. *Hawks* v. *Truesdell*, 99 Mass. 557. *Cromwell* v. *Sac*, 94 U. S. 351.

In the case at bar, the record of the former action in the Haverhill Police Court is not set out in the exceptions. If we assume that the declaration therein was in the common form of tort in the nature of trover, and that the answer was a general denial, then it would not appear on the face of the record that either the parties were or the cause of action was the same as in the present action. The writs bear a different date, and in the present action the plaintiff may have relied upon a title, or a possession, or a conversion, acquired or effected subsequently to the date of the former writ. The oral testimony offered, and recited in the exceptions, tends to show that the actual cause of action in the Haverhill Police Court was the alleged conversion of about two and a half cords of wood, and that the issue tried in that action was whether, at the time of the alleged conversion, the property in the two and a half cords of wood was in Foye or in one Heath, the vendee of Paul D. Patch and the bailor of West, the defendant therein, and that Patch defended that action, as the party in interest. This evidence should have been submitted to the jury with the instruction that, if the only

issue tried and determined in that suit was whether, at a particular time, the property in the two and a half cords of wood was in Foye or Patch, and if Patch appeared therein as the party defendant in interest, then the judgment in that suit conclusively determined, as between Foye and Patch, that at that time the two and a half cords of wood were the property of Patch, and not of Foye. Whether, if the jury found that this issue had been tried and determined in the former action, this finding would be decisive of the present one, so far as the two and a half cords of wood are concerned, we cannot know, because we do not know whether the only issue in the present action was precisely the same as in the former one; we do not know that the plaintiff in this action relied upon precisely the same title as in the former one, or that the only issue in the present action was that of title.

The only direct connection shown between this two and a half cords of wood and the remaining wood is found in the last clause of the last paragraph but one of the exceptions, in these words: " The plaintiff had introduced evidence tending to prove, and it was not controverted, that Patch sold about thirty-five cords of wood by auction, of which that sold to Heath was a part." If these words be taken to mean that the title to the remaining wood was the same as that to the two and a half cords, — which was denied to be. the true construction by the plaintiff at the argument, — yet the former judgment, aided by the proofs, would not, in any event, conclusively determine, as between these parties, that the title to this remaining wood was at any time in Patch, because the title to this remaining wood was never tried in the former action against West. If it were absolutely true that the title to the two and a half cords of wood was in the defendant at a particular time, and it was admitted that the title to the remaining wood was the same as that to the two and a half cords, the inference would be inevitable that at that time the title to the remaining wood was also in the defendant. But a judgment does not determine absolute truth, and an estoppel by a former judgment does not extend beyond what was adjudged; and as the title to the remaining wood has never been determined by a former judgment, the plaintiff is not estopped from alleging and proving in this action his title to

the remaining wood, by any competent evidence, although, at the same time, he may admit that in fact the title to the remaining wood was the same as that to the two and a half cords, which were adjudged in the former action to be not his property, by a judgment, of which, if erroneous, he is estopped to show the error. There has been no judgment against him directly involving the title to the remaining wood which estops him from showing what the truth is in regard to that title. From the exceptions, it is uncertain whether the court before which this action was tried submitted to the jury the oral testimony introduced to show what the issues were which had been tried and determined in the former action, with appropriate instructions. If the court did not, that is error. It is manifest, however, that the court gave the same conclusive effect to the former judgment upon the title to the remaining wood as to the two and a half cords, and ruled that the former judgment was a bar to the claim of property in all of the wood. This is erroneous, and the exception to this ruling must be sustained. The other exceptions are overruled.

As the exception which we have sustained relates only to the plaintiff's claim to the wood, and does not involve the plaintiff's claim to the bricks, the new trial must be confined to the second count, to recover for the alleged conversion of the wood. The verdict must be set aside as to the second count, and a

*New trial granted as to that only.*