## TOBEY STAPLETON *vs.* MARY DEE.

Worcester. Nov. 10, 1881. — March 1, 1882. C. ALLEN, J., absent.

At the trial of an action for the maintenance of a fence upon the plaintiff's land, a judgment for the plaintiff for nominal damages in a former action between the same parties for building the fence, entered by agreement of counsel with the consent of the defendant, is competent evidence, but is not conclusive of any other fact than that the plaintiff was at that time under his declaration entitled to recover such damages.

TORT for the maintenance of a fence by the defendant upon the plaintiff's land. Writ dated January 12, 1880. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that, on August 29, 1879, the plaintiff brought an action against the defendant for trespass in entering upon the land described in this writ and building a fence thereon; that the defendant appeared therein by counsel; and that, on December 6, 1879, judgment was entered therein by agreement of counsel, with the knowledge and acquiescence of the defendant, for the plaintiff, for one dollar damages, without costs.

George Swan, Esq., attorney of record for the defendant in the former action, testified that, after the bringing of said action and before judgment therein, he entered into an agreement as said counsel with Mr. Gaskill, the attorney of record for the plaintiff therein, for the entry of judgment based alone on the plaintiff's sole claim that the defendant had built a fence a foot

or two over the line on his land; that after looking up the records he agreed with Mr. Gaskill for judgment for the plaintiff, without costs, the defendant to remove the fence and put it elsewhere; that this arrangement was subject to the assent of his client; that she assented to the same when informed of it; that, at the time of obtaining the consent of his client to said arrangement, he explained to her that there was a difference between the surveyors of the parties as to the point at which they should measure from, one surveyor regarding the line as one foot outside of a certain monument, the other as one foot inside of it; and that he had measured and thought that the line of the plaintiff's surveyor was correct. The foregoing testimony of Mr. Swan was all that was given by him, and the same was in no part controlled or contradicted.

In the present case each party claimed title to the land where the fence stood. The fence remained in the same place and in the same condition at the time this action was brought as upon the date of the commencement of the former action; and it has been maintained by the defendant in the mean time.

It was admitted that the defendant had acquired no new right to the land in dispute or to the possession of the same, or to have the fence remain where it was, since the commencement of the former action. No other fence was ever built or maintained by the defendant upon the plaintiff's land.

The plaintiff asked the judge to rule that the foregoing judgment, facts and admissions were conclusive upon the right of the plaintiff to recover in this action. The judge refused so to rule, and instructed the jury that the foregoing judgment, facts and admissions were competent evidence for their consideration on the question of title and other questions in the case; that they were not conclusive, and were only to have such weight as the jury might think them entitled to.

The jury returned a verdict for the defendant; and, in reply to a question by the judge, stated that they found that the fence was built on the defendant's own land. The plaintiff alleged exceptions.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.
*B. W. Potter & D. Manning, Jr.*, for the defendant.

LORD, J. These exceptions must be overruled. There was nothing in the previous action which could estop the defendant from setting up title in defence of the present action. Without determining that there can be no estoppel by reason of the adjudication of the same fact between the same parties, unless such fact was presented for decision, we hold that an action of tort in the nature of trespass does not bind the title as between the parties unless it appears by special plea or particular specification of defence, or in some other mode, that the particular fact which is claimed to be settled was adjudicated upon by the tribunal to which it was presented. Under what circumstances, and to what extent, parties are estopped by previous judicial decisions, is elaborately and very able discussed by Lord Ellenborough in the case of *Outram* v. *Morewood*, 3 East, 346. In *Standish* v. *Parker*, 2 Pick. 20, Chief Justice Parker, after announcing the general rule, that " in actions of trespass, or for torts generally, nothing is conclusively settled but the point or points put directly in issue," cites many authorities in support of the doctrine that in trespasses to land when the general issue only is pleaded, and soil and freehold is not specially pleaded, the title to the land is not involved, and the question of damages only is settled, and refers approvingly to the discussion by Lord Ellenborough in the case cited.

In the former suit between these parties there does not appear to have been any answer whatever, and all which the record can show is that the defendant by default was adjudged to have violated the possession of some portion of the large tract of land described in the plaintiff's declaration. An attempt is made, however, to show that something more was really adjudicated in that case. The plaintiff contends that the defendant's counsel consented to judgment because he was satisfied that the fence which is complained of was erected on the plaintiff's land; and that the defendant herself assented to her counsel's agreement upon the same supposition. Assuming this to be so, it is evident that there was no adjudication by any competent authority of the fact. If there had been an answer and simply a general denial, with no averment of soil and freehold in the defendant, and a verdict had been obtained by any kind of evidence, whether by the admission of the party or otherwise, and the

plaintiff had obtained a verdict, such verdict would settle nothing except the matter of damages.

Whenever a judgment is entered by agreement of counsel, no matter what induces the counsel to make the agreement, the judgment as rendered is controlling, and nothing is settled by that judgment except what is necessarily involved in it. *Ensign* v. *Bartholomew*, 1 Met. 274.

The rule upon this subject is very carefully stated by Chief Justice Shaw, in *Burlen* v. *Shannon*, 3 Gray, 387, 392, quoted by Mr. Justice Foster in *Burlen* v. *Shannon*, 99 Mass. 200, 204, as follows : "It is only when a fact is specially put in issue, traversed and tried, that a verdict and a judgment following it are evidence against a party." And Mr. Justice Wells, in *Lea* v. *Lea*, 99 Mass. 493, 496, says that when the record shows that the judgment might have been rendered on any one of three different grounds, and does not show upon which of the grounds it was rendered, such judgment is not conclusive as to either of the grounds ; and the fact that exceptions were brought to the full court upon one only of such grounds does not show that either the judgment of the court or the verdict of the jury was rendered upon that ground.

The case at bar shows nothing of the ground upon which the judgment in the former case was rendered. Assuming that under certain circumstances parol evidence is admissible to show upon what issue a former case had been adjudicated, there is nothing to authorize its admission in this case. The plaintiff was entitled to introduce the former proceedings in evidence upon the trial of this case, and he did so ; and that judgment was competent evidence, but not conclusive of any other fact than that the plaintiff was at that time under his declaration entitled to recover one dollar damages.

*Exceptions overruled.*