HENRY F. BUGBEE & another *vs.* IRA DAVIS.

Worcester.    September 30, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Trespass on Land — Easement — Former Judgment — Evidence —*
*Deed — Plan.*

At the trial of an action for trespass on the plaintiff's close, in which the defendant justifies under a right of way, the judgment by default after issue joined in a former action between the same parties for trespass on the same close, in which the defendant justified under a right of way, and the declaration in which alleged not only that the defendant removed the fences, but that he ploughed up the soil and pastured the land, is not conclusive upon the alleged right of way.

If both of the parties to an action for trespass on land, in which the defendant justifies under a right of way, derive title from a common grantor, the conveyance to the plaintiff reserving the right and the grant to the defendant of a portion of the grantor's remaining land being subsequent thereto, a second deed to the defendant of the same land, expressly mentioning the right of way, made after the judgment in a former action for trespass between the same parties as to the same land, which is not conclusive upon the alleged right of way, is admissible in evidence.

The deeds under which the parties to an action for trespass on land held their titles, both claiming under a common grantor, referred to a " plan of lots belonging to G., situate on O. Avenue, surveyed by A., and dated " a certain day, and stated that copies of the plan were held by the grantor and another. A plan was produced by the defendant which was marked substantially as above, and bore the same date; and he testified that he got it from his grantor, who obtained it at the time or soon after he purchased the land, fourteen years before. *Held*, that it was admissible in evidence.

TORT, by Henry F. Bugbee and Sophia A. Bugbee, for breaking and entering the plaintiffs' close in Dudley. Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the defendant; and the plaintiffs alleged exceptions, which appear in the opinion.

*H. J. Clarke*, for the plaintiffs.

*J. S. Gould*, for the defendant.

HOLMES, J.    This is an action for a trespass on the plaintiffs' close. The defendant justifies under a right of way. At the trial the plaintiffs put in the record of a judgment by default after issue joined in a former action of trespass between the same parties as to the same close, in which the defendant justified under a right of way, and they asked for a ruling that the

judgment was conclusive of the issues in the present suit, except the acts of trespass and the damages. This ruling was refused, and rightly. It is enough to sustain the refusal, that the earlier declaration alleged not only that the defendant removed the fences, but that he ploughed up the soil and.pastured the land, acts which would not have been justified by the alleged right of way, and which might have entitled the plaintiffs to a judgment. *Davenport* v. *Lamson*, 21 Pick. 72. The judgment may have been submitted to on that ground, and therefore it cannot be conclusive upon the alleged right of way. *Burlen* v. *Shannon*, 99 Mass. 200, 204. *Lea* v. *Lea*, 99 Mass. 493, 496. *Littlefield* v. *Huntress*, 106 Mass. 121, 126. *Foye* v. *Patch*, 132 Mass. 105, 111. *Stapleton* v. *Dee*, 132 Mass. 279, 282.

The plaintiffs and the defendant derive title from a common grantor. The conveyance to the plaintiffs reserved the right of way in question, and, it may be assumed, for the benefit of the grantor's remaining land. If so, the way, whether arising by reservation or exception, was attached to the remaining land and would pass with it. Afterwards, in 1882, thirty acres of this remaining land were conveyed to the defendant. In 1893, after the judgment which has been mentioned, a second deed of the same thirty acres was made, expressly mentioning the right of way. An exception was taken to the admission of the second deed in evidence.

As the judgment is not conclusive, it is immaterial whether the second deed to the defendant purported to convey anything which had not passed already by the first. It was admitted properly enough as an instrument under which the defendant justified. If, as would seem, the first deed carried with it, as incident to a portion of the dominant estate conveyed, the easement which the defendant claimed, a ruling to that effect might have been asked, but would have done the plaintiffs no good, as, on the other hand, the admission of the second deed did them no harm.

The deeds under which both the plaintiffs and the defendant hold their titles refer to a "plan of lots belonging to Eli Goulding, situate on Oxford Avenue, Dudley, Mass., surveyed by Hiram Allen, and dated Webster, Sept. 13, 1878," and state that copies of the plan are held by the grantor and Sophia

A. Bugbee.   A plan was produced by the defendant, which was marked substantially as above, and dated September 13, 1878. It was put in subject to the plaintiffs' exception.   The defendant testified that he obtained it from his immediate grantor, his father, and that his father obtained the plan at the time or soon after he purchased the farm, fourteen years before.   This was sufficient to warrant an inference that it was the plan referred to.                                *Exceptions overruled.*