CHARLES B. STONE, assignee, *vs.* CHARLES J. ADDY.

Middlesex. January 18, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Former Judgment — Estoppel — Exceptions.*

If a former verdict and judgment in an action for conversion may have gone on the ground that the defendant had committed no act of conversion at the time when the action was brought, they do not preclude the plaintiff from maintaining a subsequent action for the conversion of the same property.

Exceptions being obviously untenable, the court passed by the question whether the excepting party lost his right of exception by omitting to give due notice of the filing of the exceptions.

TORT, by the assignee in insolvency of George W. Kendrick, for the conversion of certain hay which had been cut in the summer of 1891 by Kendrick from the farm of the defendant and a neighboring farm of one Fairbanks in the town of Harvard, and placed in the defendant's barn on his farm, Kendrick being at the time a tenant at will of the defendant.

At the trial in the Superior Court, without a jury, before *Hammond*, J., it appeared that after Kendrick had removed from the defendant's farm in October, 1891, he went into insolvency, and in the same month the plaintiff was duly appointed his assignee, who, after having made a demand in writing upon the defendant for the property, brought an action against him for the value thereof; that the declaration, which was duly entered in the Superior Court, contained three counts, the first, under Pub. Sts. c. 157, § 96, for a fraudulent preference, the second, under c. 157, § 98, for a fraudulent sale, and the third, for conversion in the common form; that all of the counts referred to the same schedule annexed; that the answer was a general denial; that the case was tried before a jury, and a verdict was rendered for the defendant; and that the execution which issued on the judgment was satisfied by the plaintiff in March, 1893.

It also appeared that on December 14, 1891, the counsel for the plaintiff wrote to the counsel for the defendant that the defendant had converted the hay, and that the plaintiff sought

to recover its value; that four days thereafter the defendant wrote to the plaintiff that he proposed to have the hay appraised at a certain time named, and on the following day the plaintiff wrote to the defendant stating that he saw no reason for his being present, and the hay was appraised on December 21.

It was agreed that the hay claimed to have been converted in the present suit was the same hay claimed to have been converted in the former suit, and the evidence offered at the former trial to show conversion was given at this trial, and there was also additional evidence at the last trial, including a letter dated April 24, 1893, from the plaintiff to the defendant, demanding that the property be turned over to him, and the refusal of the defendant to deliver it up.

At the present trial the judge, upon evidence as to the issues actually in dispute at the former trial, found that one of the issues at that former trial was whether or not the defendant (even if the property belonged to the plaintiff) had done any act with reference to the property which would constitute conversion, and found upon the evidence at this trial that since the former trial the defendant had converted the hay to his own use.

The judge ruled that the former judgment for the defendant was no bar to the present action, and found for the plaintiff; and the defendant alleged exceptions.

The plaintiff contended that the defendant had lost his right of exception by omitting to give due notice of the filing of the exceptions.

*A. V. Lynde & W. P. Harding,* for the defendant, submitted the case on a brief.

*A. A. Wyman,* (*C. B. Stone* with him,) for the plaintiff.

ALLEN, J. The former verdict and judgment might have gone on the ground that the defendant had committed no act of conversion at the time when the action was brought, and therefore they did not preclude the plaintiff from maintaining his present action. *Lea* v. *Lea,* 99 Mass. 493. *Stapleton* v. *Dee,* 132 Mass. 279. *Foye* v. *Patch,* 132 Mass. 105. *Bugbee* v. *Davis,* 167 Mass. 33.

The exceptions being obviously untenable under the previous decisions, we pass by the question whether the defendant lost his right of exception by omitting to give due notice of the filing of the exceptions.                    *Exceptions overruled.*