ANNIE R. WHITTEMORE *vs.* SELECTMEN OF FALMOUTH.

Suffolk.    November 9, 1938. — September 18, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Res Judicata.    Judgment.*

The grounds stated in an opinion accompanying a rescript of this court may be examined in order to ascertain the matters adjudicated by a judgment entered in accordance with the rescript.

A judgment for the petitioner in mandamus proceedings following a rescript of this court overruling exceptions by the respondent to an order by a single justice that the writ issue on the ground that a certain vote by a town was invalid for specified reasons could not be relied on by the same petitioner in a later proceeding based solely on a contention that a later vote of the town was invalid merely because it was identical with the previous one and therefore its invalidity had been determined by the judgment in the earlier case, where an examination of the opinion of this court accompanying its rescript therein showed that in its decision this court had expressly declined to consider the grounds of invalidity relied on by the single justice, and had determined the case on a ground not in issue in the later proceeding.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 6, 1938, for a writ of mandamus.

After sustaining a demurrer to the petition, *Donahue,* J., reported the case.

*S. R. Wrightington,* for the petitioner.

*J. P. Sylvia, Jr.,* for the respondents.

LUMMUS, J.    This case is an outgrowth of *Whittemore* v. *Town Clerk of Falmouth,* 299 Mass. 64.    One Cahoon main-

tained an ice manufacturing plant within a district or zone in which single residences only were permitted. By an amendment to the zoning by-law in 1935, the town purported to take Cahoon's lot out of the single residence district within which it lay and by which it was surrounded, and make of it a light manufacturing district. The petitioner, the owner of a residence, sought by mandamus to compel the town clerk to expunge the record of the amendment and the building inspector to enforce against Cahoon the original by-law. The facts were found by an auditor. The petitioner contended that the amendment was invalid as discriminatory and as intended for the private benefit of Cahoon rather than for the public good. We assume in her favor, without deciding, that the single justice, in ordering the writ to issue in each case, adopted her contentions. But on the exceptions of the then respondents the full court did not even leave those contentions as the implied basis for its action in overruling the exceptions and permitting judgments for the petitioner to be entered. The full court, on December 27, 1937, expressly declined to consider those contentions, and sustained the orders of the single justice on the sole ground that the amendment was not preceded by a "final report with recommendations" by the planning board, as the statute required. We may examine the opinion for the purpose of finding the ground of the decision. *Abbott* v. *Bean,* 295 Mass. 268, 274. *Hood* v. *Hood,* 110 Mass. 463.

After judgments in the earlier cases had been entered for the petitioner, the town on February 16, 1938, voted to adopt a second amendment to its zoning by-law, identical in terms with that which we had held invalid. The petitioner, on April 6, 1938, filed the present petition for a writ of mandamus to require the respondent board of selectmen to cause the original zoning by-law to be enforced against Cahoon. The present petition does not set out any specific ground of invalidity of the amendment of February 16, 1938, but bases the claim for relief solely upon a supposed adjudication of its invalidity. The petitioner contends that the single justice in the earlier cases ruled that an

amendment in identical terms was invalid as discriminatory and as intended solely for the private benefit of Cahoon, and that the invalidity of such an amendment has thus been conclusively adjudicated. We assume in favor of the petitioner, without deciding, that the present respondents would be bound by an adjudication against the respondents in the earlier cases.

Obviously the present petition is not for the same cause of action as the earlier ones. The amendment now attacked is not the same amendment as the earlier one, though identical in terms. For one thing, it is not subject to the defect upon which our earlier decision was rested. *Harding* v. *Hale*, 2 Gray, 399. *Sawyer* v. *Woodbury*, 7 Gray, 499. *Gage* v. *Holmes*, 12 Gray, 428. *Stone* v. *Addy*, 168 Mass. 26. *Mackintosh* v. *Chambers*, 285 Mass. 594, 596–598. *Sandler* v. *Silk*, 292 Mass. 493, 498–500. *Marcus* v. *Richardson*, 299 Mass. 11. *Tait* v. *Western Maryland Railway*, 289 U. S. 620, 623, 624. Since the validity of the earlier amendment and that of the later one present different controversies or causes of action, the petitioner must show that in the earlier cases some ground of invalidity common to the two amendments was actually tried and determined in her favor. It is not enough to show that such a ground might have been tried and determined. *Foye* v. *Patch*, 132 Mass. 105, 110, 111. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Baltimore Steamship Co.* v. *Phillips*, 274 U. S. 316, 319. *Larsen* v. *Northland Transportation Co.* 292 U. S. 20, 25.

Only a ground of invalidity, shown to have entered into the judgments in the earlier cases and to have formed the basis for them, can be said to have been tried and determined so as to amount to an adjudication. *Tighe* v. *Skillings*, 297 Mass. 504, 507–508. *Foster* v. *The Richard Busteed*, 100 Mass. 409, 412. *Stapleton* v. *Dee*, 132 Mass. 279. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 164 Mass. 222. *Embden* v. *Lisherness*, 89 Maine, 578. It is of no importance that a single justice found and ruled upon issues that might have been decisive of the cases (*United States* v. *Moser*, 266 U. S. 236, 242), where the full

court disregarded those issues and rested its affirmance of the result below wholly upon a different point. That point thus became the only matter adjudicated. *Olsen* v. *Olsen*, 294 Mass. 507. *Watts* v. *Watts*, 160 Mass. 464. *Leverett* v. *Rivers*, 208 Mass. 241, 244. *New England Home for Deaf Mutes* v. *Leader Filling Stations Corp.* 276 Mass. 153, 157, 158. *Knowlton* v. *Swampscott*, 280 Mass. 69, 72, 73. *Boston* v. *White Fuel Corp.* 294 Mass. 258. *Moran Towing & Transportation Co. Inc.* v. *Navigazione Libera Triestina, S. A.* 92 Fed. (2d) 37, 40, 41. That point has no relevancy to the validity of the second amendment. The demurrer to the present petition was rightly sustained.

*Order sustaining demurrer affirmed.*