FRANK T. HOPKINS *vs.* DOROTHY G. HOLCOMBE.

DOROTHY GRAY BROOKS HOLCOMBE *vs.* FRANK T. HOPKINS.

Barnstable. December 2, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Res Judicata.*

A decree of the Land Court that title of a petitioner for registration was to land south of a certain boundary only was not *res judicata* determinative of the rights of either one of two petitioners in subsequent petitions claiming against each other title to land north of that boundary and adjacent on the west to land to which the earlier petitioner had claimed and been refused registration of title, although among the respondents summoned in the earlier petition were one of the later petitioners and the predecessor in title of the other.

TWO PETITIONS, filed in the Land Court on December 20, 1938, and April 25, 1939, respectively.

The cases were heard together by *Smith*, J.

*J. D. W. Bodfish*, for Dorothy Gray Brooks Holcombe.

*R. E. French*, for Frank T. Hopkins.

RONAN, J. The petitioner Holcombe filed a petition to register title to a parcel of land in the town of Brewster

which was bounded on the north by Cape Cod Bay, on the east by land of Larkin and land claimed by Frank T. Hopkins, on the south by land of Sears, and on the west by a way known as Crosby Lane. The petitioner Hopkins sought to register title to a parcel of land bordering on Cape Cod Bay, which extended westerly to Crosby Lane over the northerly portion of land claimed by Holcombe. The dispute between Holcombe and Hopkins arises over the ownership of a practically rectangular parcel of land bounded on the north by Cape Cod Bay, on the west by Crosby Lane, on the south by land of Holcombe, and on the east by land of Hopkins. This area forms the northerly portion of the parcel included in the Holcombe petition and the westerly portion of the parcel included in the Hopkins petition. The disputed area is hereafter referred to as the locus. The judge of the Land Court found that the ownership of this locus was in Hopkins and not in Holcombe; and the latter appealed from the decision that Hopkins had a proper title for registration in the land bordering on Cape Cod Bay and extending westerly to Crosby Lane, and from the decision that she had title for registration extending only to the southerly boundary of the locus.

Sometime in 1925 one Mitchell, who then owned land adjacent to the easterly boundary of the Holcombe land, brought a petition to register title. The land described in his petition included an interior lot with a narrow strip or corridor about one hundred thirty feet wide running northerly from the salt marsh to the beach upland and Cape Cod Bay. The westerly boundary of this corridor is the easterly boundary of the locus now in dispute. One Matilda G. Crosby, the predecessor in title of Holcombe, was notified personally of the filing of the Mitchell petition, but she entered no appearance and did not contest the petition. Hopkins, his wife, two sisters and a brother appeared in opposition to the granting of the Mitchell petition. The general characteristics of the land in the vicinity were described by the trial judge as "upland at the south, then meadow or salt marsh, then beach upland and lastly below the bank a wide stretch of flats extending seaward." The

judge in the course of his decision in the Mitchell case stated: "On all the evidence I think it clear, and find that title to the salt meadow lots stopped northerly at the beach upland, and that title to the latter was separately held. I find no record title northerly of the line between the petitioners' salt meadow and the beach upland in the petitioners or their predecessors, and I do find record title thereto in some of the respondents." This was a finding that Mitchell did not have any title in the corridor, so called, and that the northerly boundary of his land was a line between the salt marsh and the beach upland, and a decree was entered fixing this line as the northerly boundary of the Mitchell land. The decision in the Mitchell case shows that the judge traced the early chain of title to the locus now in question and stated that "the respondents [Hopkins and his sisters and brother] show record title also under said [Samuel] Hopkins."

At the trial of the present petition there was further documentary evidence indicating that Hopkins held title to the locus. Hopkins introduced the entire record in the Mitchell case. Thereupon the judge ruled that the ownership of the locus was settled by the decision in the Mitchell case and that "the legal principle of *res judicata* applies in favor of the Hopkins claim."

The burden was upon Mitchell to prove that he had a title proper for registration, *Hughes* v. *Williams*, 229 Mass. 467; *Sutcliffe* v. *Burns*, 294 Mass. 126, and the decision in that case showed that he did not sustain the burden in reference to the corridor running northerly from the main parcel of his land to the sea. The decree entered in that case, which was a proceeding *in rem*, adjudged that Mitchell was the owner of the land therein described. G. L. (Ter. Ed.) c. 185, § 1. *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71. *Malaguti* v. *Rosen*, 262 Mass. 555, 567. *Baumgartner* v. *Doherty*, 286 Mass. 583. That decree did not upon its face purport to settle the ownership in the land between the northerly boundary of the Mitchell land, as finally determined by the court, and the bay. And Hopkins, who was one of the respondents in that case, could not as

such respondent establish his ownership in any of the land described in Mitchell's petition, and secure affirmative relief in the form of a decree determining his ownership in any part of the said land. *Foss* v. *Atkins*, 201 Mass. 158, 163. But Hopkins contends that the decision and decree entered in the Mitchell proceedings not only established his rights in the corridor, so called, but settled the title to the locus in question which extends from the corridor to Crosby Lane, and estops Holcombe from claiming that she has any interest in said locus. The burden was upon Hopkins in the present case to show that the ownership in the locus was a material issue in the Mitchell case; that it was decided in his favor; and that such a finding was essential to the decision made and the decree entered on the Mitchell petition. It is not enough that the question may have been tried and determined — it must be shown that the point was adjudicated and entered into the judgment. *Foye* v. *Patch*, 132 Mass. 105, 110, 111. *Rosenberg* v. *Peter*, 269 Mass. 32. *Sandler* v. *Silk*, 292 Mass. 493. *Tighe* v. *Skillings*, 297 Mass. 504.

The principle of *res judicata* cannot apply unless the previous action was between the same parties or their privies, touched a subject matter involved in both actions, and was decided against the party attempting to litigate the same subject matter again. The ownership of the locus was not in issue in the Mitchell case. Mitchell did not claim any interest in it. The parcel to which he sought to have the title registered did not include the locus. A judgment *in rem* is binding on all the world, and such an "adjudication is held to be conclusive upon the facts which are made the ground of the judgment, when those facts are again brought in question in ulterior or collateral proceedings." *Salem* v. *Eastern Railroad*, 98 Mass. 431, 449. *Lowell* v. *County Commissioners of Middlesex*, 152 Mass. 372, 379. *Butrick, petitioner*, 185 Mass. 107, 113. *New England Home for Deaf Mutes* v. *Leader Filling Stations Corp.* 276 Mass. 153, 157, 158. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 51.

The title to the locus was not embodied in the decree entered in the Mitchell case and formed no part of the de-

cision upon which the decree in that case was entered. The appellant was not thereby estopped by that decree in claiming and proving that she was the owner of the locus in question. There was error in ruling that she was bound by that decree and that ownership in the locus had been settled thereby adversely to her. *Burlen* v. *Shannon,* 99 Mass. 200. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138. *Olsen* v. *Olsen,* 294 Mass. 507. *Whittemore* v. *Selectmen of Falmouth,* 304 Mass. 72. *Cambria* v. *Jeffery,* 307 Mass. 49.

> *Decisions on petitions of Hopkins*
> *and Holcombe reversed.*