Rowe, J.
This is an action of tort for trespass guare clcmsum. The declaration alleges that the defendants committed a trespass on the plaintiff’s realty by maintaining a fence thereon, and the plaintiff seeks to recover damages resulting from the said trespass. The answer is a general denial, an allegation that the matter is res judicata, and that the defendants in locating and maintaining the fence, acted in pursuance of an order of the fence viewers of the City of Brockton. The trial judge found for the defendants. The plaintiff claims to be aggrieved by reason of the denial by the trial judge of her requests for rulings of law and of the granting of the defendants’ requests for rulings of law.
The evidence tended to show the following facts: the plaintiff was the owner of the locus in question, it being *262 situated in Brockton. She had owned the realty continuously from 1933 to the present time. In 1939, the defendants, in pursuance of an order of the fence viewers of the City of Brockton, entered the plaintiff’s realty by removing the fence that stood there and constructed a new fence some six feet on the plaintiff’s land from the previous fence. The report states that “this new fence the defendants continued to maintain upon the plaintiff’s realty until Mar. 31,1941, under a claim of right and against the will of the plaintiff.”
In order to ascertain the true boundary line, the plaintiff, at her expense, brought a petition in the Land Court to register and confirm her title. There was offered in evidence, without objection, the final decree of the Land Court, dated Mar. 19, 1941, registering and confirming, the plaintiff’s title to the realty. This decree, by the metes and bounds shown thereon, and the maps and plans of the Land Court, put in evidence without objection, showed that the new fence erected and maintained by the defendants was six feet onto the plaintiff’s land.
There was conflicting evidence as to damage caused to the plaintiff’s shrubs, bushes and turf by the defendants. As to this latter element of damage, the plaintiff’s fourth request (which was denied) asks the court to rule that there was evidence that the shrubs, bushes and turf were damaged by the defendants in the removal of the old fence and the construction of the new fence in question, and hence that evidence is here considered as bearing on the question of damages which could have been considered in the case described in the next following paragraph herein.
There was evidence in the case at bar that one in privity with the plaintiff, and for whose acts the plaintiff assumes *263 full responsibility brought an action of trespass against these defendants for the erection of the new fence above described. The trial judge in that case found for the defendants making the following special finding, “1 find that neither of the parties are in agreement as to the correct boundary line between their respective properties. I find that the plaintiff failed to establish by a fair preponderance of the evidence that the fence as it now stands, is in fact on the property of the plaintiff. It being necessary, first to establish the boundary line between the properties; failing in this, I am unable to determine with any degree of certainty that a trespass has been committed, and consequently find for the defendant. ’ ’
That case went to the Appellate Division, but the report was there ordered dismissed. The plaintiff then brought the Land Court proceedings, obtaining a favorable decree on March 19, 1941. The fence remained up until March 31, 1941. The present' action was begun on June 14, 1941.
With the exception of the evidence relating to the claimed damages to the shrubs, bushes and turf (hereinafter considered) no substantial dispute appears to have been made respecting tbe facts. Under these circumstances we treat the evidence recited above as being the established facts of the case. Parsons v. N. Y. N. H. R. R., 216 Mass. 269, 274. Kelly v. Halox, 256 Mass. 5, 9.
On the question of res judicata the plaintiff has discussed in argument, the difference between issues which might have been tried and issues which were actually tried in the former case and cites Coyle v. Taunton Safe Deposit & Trust Co., 216 Mass. 156 and Armory v. Assessors of Boston, 309 Mass. 162, 164.
*264 She contends that notwithstanding the decision in the former trespass case, that in the case at bar, by reason of the later favorable decision in the Land Court, she is now entitled to recover for damages to her realty, for the acts of the defendants when they, at a time subsequent to the orders of the fence viewers but prior to the institution of the former trespass action entered and constructed the new fence and as she claims then damaged her shrubs, bushes and.turf, as well as destroying the old fence and constructing the new fence.
By G. L. (Ter. Ed.) c. 49, sec. 14, if a division line is in dispute, the fence viewers may designate a line for the purpose of maintaining a fence, to be deemed the division line between such lands until it is determined that the true line is in another place. This line determined by the fence viewers is for the purpose of maintaining a fence and has no effect upon the title or right of possession of the land. Currier v. Esty, 116 Mass. 577.
The plaintiff argues that the adjudication of the Land Court on Mar. 19, 1941 shows the determination of the fence viewers to have been erroneous, nullifying such determination and hence making the original entry of the defendants, (constructing the new fence and causing damage to her shrubs, bushes and turf, as above spoken of) a trespass for which she now has a right to recover damage.
But she has already had the opportunity to litigate these claimed damages once. Her first action for trespass, although prior to the Land Court proceedings did that. She then could seek the same things she now seeks, but she there failed, as is shown by the special .finding of the trial judge, above quoted, because she did not prevail on *265 a question there litigated, namely her title to the locus in question. She has had her day in court as to the damages above contended for.
She now seeks her remedy for the trespass, basing her claim on the contention of her title to the land in question on the date when the defendants entered. But she has litigated that question once and lost, according to the special finding in the first trespass case on that particular ground of title. That ground, according to the special finding of the trial judge in the first trespass case entered into the judgment and formed the basis for it. Whittemore v. Selectmen of Falmouth, 304 Mass. 72, 74. Foye v. Patch, 132 Mass. 105, 110, 111. The decree of the Land Court as to the status in 1941 does not alter the fact that it had been previously judicially decided that the defendants were not liable to the plaintiff for the trespass. She is not entitled to recover her Land Court expenses under the facts of the instant case.
The plaintiff further contends that even if she cannot prevail in this action relative to the trespass committed at the time of the entry by the defendants, then that she is entitled to recover nominal damages because the fence remained there from March 19, 1941, the date of the Land Court decree, until March 31, 1941.
But although the fence which had previously been erected under a claim of right, remained upon the plaintiff’s land during that period of time, the plaintiff did not make any demand for its removal subsequent to the first trespass suit which decided that there was was no liability to the plaintiff for its original erection. To successfully maintain the present action such demand must have first been made on the defendants. See Benjamin v. Am. Tel. & Tel. Co., 196 Mass. 454, 456.
*266 We need not examine the many requests for rulings seriatim. On the facts of the case the defendants were entitled to directed findings, and the judge having found for the defendants, no prejudicial error exists. Report dismissed.