Zottoli, J.
In this action of contract or tort, the plaintiff seeks to recover damages he alleges he suffered by the breach of certain warranties made to him by the defendant in regard to an electric stove sold by the defendant to the plaintiff. The declaration is in two counts. The first count, in substance, alleges that the “plaintiff’s property was greatly damaged” because of the defective condition of an electric stove sold and delivered by the defendant to the plaintiff under an express “warranty and guarantee that the stove was not defective and was suitable for the purpose for which it was going to be used. ’ ’ The second count in substance alleges that the plaintiff sustained damages ■through the breach by the defendant of an implied warranty that the stove in question was a new one and was not defective. The declaration states that both counts are for the same cause of action.
The defendant’s answer, in brief, sets out a general denial; an allegation that the only electric stove which it *113 sold the plaintiff was sold under a written contract which stated expressly that no warranties were made; and a plea of res judicata.
At the trial of this case the defendant, with the court’s permission, offered out of order, evidence with respect to proceedings in the Second District Court of Eastern Middlesex, which the defendant claims bars recovery in the case at bar.
In view of the conclusion hereafter arrived at in this opinion, we do not deem it necessary to set out in detail the evidence above referred to. It will suffice to point out that it appears from that evidence that the Boston Edison Company brought suit against the present plaintiff for an unpaid balance it alleged was due it under the terms of a .conditional sales agreement concerning an electric stove.
The record shows that the defendant appeared pro se and answered a general denial and payment. It appears that later the defendant was ordered to file further particulars and did so. In due course the case came on for trial, considerable evidence was introduced by the parties. The court went to the premises where the stove in question w(as located and viewed it. At the conclusion of the evidence both parties filed numerous requests for rulings. The record shows that the court passed on the requests filed by both parties; made numerous subsidiary findings and finally concluded with a general finding to the effect “that the range delivered — was not the range selected by the defendants.” Furthermore, apparently in answer to the plaintiff’s contention that even though the stove delivered was not the stove covered by the agreement, yet, the defendant had by its conduct accepted the stove delivered by using it for an unreasonable length of time: the court made the following finding: — On the believable evidence court finds as a fact that the defendant has not committed any act inconsistent with the plaintiff’s ownership and that *114 the court finds as a fact that the defendant on more than one occasion intimated to the plaintiff that he, the defendant, rejected the range, and all within a reasonable time.
In dealing with the defendant’s requests for rulings the court concluded as follows: — “Court finds, on all the evidence, as a fact, that the plaintiff has not substantially performed nor delivered to the defendant the range as described in said conditional sale agreement as declared upon and which the defendant agreed to purchase, to the loss and damage to'the defendant; the court also finds that the plaintiff has the right and may retake possession of the range it delivered to the defendant. Hence the court finds for the defendant.” It further appears from the record before us that after the general finding for the defendant was recorded, the plaintiff filed a motion for a new trial, setting out numerous grounds upon which it was founded. These need not be set out in detail. One of the grounds set out in said motion was to the effect that the court erred in its finding, based on its view of the stove, that the stove the plaintiff delivered to the defendant was not the stove it sold to him. The case finds that before the judge passed on the said motion for new trial, the parties entered into the folio wing stipulation: “It is hereby agreed between the parties that the above entitled action shall stand for a new trial upon the single issue of whether the stove ordered by the defendant was the stove delivered, including all matters pertaining to the description of said stove and that if the court finds that the stove ordered was delivered judgment shall be for the plaintiff and “if not, for the defendant.” It further appears that the trial judge endorsed on the .stipulation and on the motion for new trial the following: “Motion as agreed by the parties allowed.” The evidence reported further shows “that after the allowance of the motion for a new trial, the issue raised by the stipula *115 tian was tried by another justice of said court, who found for the plaintiff, and that, subsequently, judgment was entered on that finding.
It appears from the evidence reported from this point on that the issues raised by the cross-action by the present plaintiff were tried and that much testimony was introduced by the present plaintiff and defendant, which is highly contradictory. Hence again, it will serve no useful purpose to'recite this evidence in detail. The evidence warranted a finding for either the plaintiff or the defendant, depending upon what testimony the court believed.
At the close of the evidence the defendant filed eight requests for rulings. The court passed on these requests and found generally for the plaintiff.
The defendant has alleged certain grievances which are apparently based upon facts set out in the report concerning which there appears to be no dispute. In view of this it is not necessary to set out the evidence in detail or to specifically pass upon the accuracy of the court’s treatment of the defendant’s requests for rulings. If it is evident from the record that the judge’s final conclusion is right, it matters not that his approach to that conclusion is right or wrong. It is well settled that a right general finding or ruling will not be disturbed although.the reasons by which it is reached may be wrong. Means v. Cotton, 225 Mass. 313, 318, White v. E. T. Slattery Co., 236 Mass. 28, 35, 36, Randall v. Peerless Motor Car Co., 212 Mass. 352, 384.
The defendant’s alleged grievances, as set out by it in its brief, are three in number. The first two, in effect, assert that the judgment rendered in the case of Boston Edison Company against the present plaintiff, tried in the Second District Court of Eastern Middlesex, in res judicata as to the action before us, because the same issues have *116 been litigated in the case at bar as were litigated in the first trial.
The remaining contention of the defendant, as stated in its brief, is that McEllin, the plaintiff, is estopped, by reason of the stipulation entered into in connection with the new trial from again litigating the questions of breach of warranty and merchantability.
It is well settled that matters not argued or briefed may be considered waived. Guinan v. Famous Players-Lasky Corp., 267 Mass. 501, 519, 521, Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 308, Kennedy v. Currier, 293 Mass. 435, 440, Boston v. Dolan, 298 Mass. 346, 355, 356, Kay v. Audet, 306 Mass. 337, 338.
It is also well settled that no opinion as to the merits of the court’s findings or rulings that have not been properly saved is required. Baker v. Davis, 299 Mass. 345, 348, 349.
We, therefore, will consider only the defendant’s alleged grievances which it has argued and briefed for this division. The first and second contentions of the defendant are not tenable. It is clear from the evidence reported that there was no adjudication of any issue raised or tried in the case before the Second District Court of Eastern Middlesex except that raised by the stipulation of the parties and the order of the court with reference thereto. Ordinarily only a final judgment or decree amounts to an adjudication or becomes evidence of a fact in another case. Moreover a fact merely found becomes adjudicated by a final judgment or decree only when it is shown to have been the basis of the relief or other ultimate right established by the judgment or decree. Olsen v. Olsen, 294 Mass. 507, 508, 509. Hopkins v. Holcombe, 308 Mass. 54, 57. Whittemore v. Selectmen of Falmouth, 304 Mass. 72, 74.
Furthermore, it is of no importance that a justice found and ruled upon issues that might have been decisive of the *117 case where it appears, as here, that he later disregarded those issues and rested his ultimate finding wholly upon a different point. Whittemore v. Selectmen of Falmouth, 304 Mass. 72, 74, 75. Tighe v. Skillings, 297 Mass. 504, 508.
Moreover, when the second action between the same parties is upon a different cause of action than the first, then the judgment in the former action is conclusive only upon the issues which were actually tried and determined. Waterhouse v. Levine, 182 Mass. 407, 408, 409. Foye v. Patch, 132 Mass. 105, 111. Boston Food Products Co. v. Wilson & Co., 245 Mass. 550, 558, 559.
As to the defendant’s remaining contention, it appears that the defendant suggests in its brief that the defendant in the first action limited his rights by the stipulation and therefore is now estopped from taking a different position, and cites the case of D’Almeida v. Boston & Maine Railroad, 224 Mass. 452, as an authority in support of its position.
The principle of that case does not apply where, as here, the parties failed to limit the plaintiff’s rights. If the parties intended by their stipulation that a judgment in favor of the plaintiff therein mentioned should settle all the rights of either party in the transaction in question, and be a bar to a cross-action by the defendant in that case, it would have been easy to so state. In the absence of adequate language to that end, it is not to be assumed that the parties intended any such result. The doctrine of estoppel by judgment has its limitations. The estoppel is one “arising where a party litigant attempts to assume inconsistent and contradictory positions with reference to the same matter.” Elfman v. Glaser, 313 Mass. 370, 376. Boston v. Nielsen, 305 Mass. 429, 433.
The Boston Edison Company’s right to a judgment for the full amount and interest found to be due it under the terms of the stipulation is not inconsistent with the right *118 of the plaintiff to bring a cross-action for the damages resulting to him from the alleged breach of warranty. The plaintiff has the right to bring a cross-action from the moment the breach of warranty occurred. Cinamon v. St. Louis Rubber Co., 229 Mass. 33, 36, 37.
This right was never waived or taken from him. The earlier judgment, on the stipulation, was to the effect that the plaintiff could recover on the contract with the defendant. It in no way adjudicated any right of the plaintiff by way of cross-action, and did not bar the right of cross-action granted him by the sales act. Hunt v. Brown, 146 Mass. 253, 256. Gilmore v. Williams, 162 Mass. 351. Cox v. Wiley, 183 Mass. 410, 412. John Service, Inc. v. Goodnow-Pearson Co., 242 Mass. 594, 597, 598. Riley v. Hale, 158 Mass. 240, 245, 246. Cambria v. Jeffery, 307 Mass. 49, 50. Hopkins v. Holcombe, 308 Mass. 54, 57.
Furthermore, the plaintiff was not estopped from proceeding* with its cross-action, on equitable grounds, by entering* into the stipulation. Here the elements of equitable estoppel are lacking. The defendant was not misled by the plaintiff, nor induced by the plaintiff’s entering into the stipulation, to do what it otherwise would not have done or abstain from doing what it would have done. Boston Food Products Co. v. Wilson & Co., 245 Mass. 550, 559.
As no reversible error appears, the order is Report dismissed.