## CHARLES POWERS vs. CHELSEA SAVINGS BANK.

Suffolk.    March 22. — June 28, 1880.    AMES & LORD, JJ., absent.

A question, which was in issue in a suit in equity, and was settled by the decree therein, cannot be tried anew in an action at law between two persons who were parties to that suit.

CONTRACT on an account annexed.    At the trial in the Superior Court, before *Putnam*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*R. M. Morse, Jr. & G. S. Forbush*, for the defendant.

*R. Lund*, (*D. F. Crane* with him,) for the plaintiff.

ENDICOTT, J.    The plaintiff in his declaration alleges that the defendant was the mortgagee of an estate in Revere, and that he was a creditor of the owner of the equity of redemption in that estate ; that the defendant foreclosed its mortgage and sold the estate for the sum of $8395, which was duly paid, of which sum the defendant was entitled to receive and retain the amount due upon its mortgage with interest and taxes amounting to $6170.58, leaving a balance in its hands of $2224.20.    This balance the plaintiff alleges he is entitled to recover by virtue of

judgment of the Superior Court, giving him all the right to the proceeds of the sale, after paying the amount due the defendant.    The defendant in its answer alleges, among other defences, that all the matters set forth in the plaintiff's declaration were neard and determined in a bill in equity, wherein the plaintiff and defendant were parties, and that it has paid to the plaintiff all that it was required to pay by the decree.    The bill in equity, together with the answer thereto and the decree of the court therein, is annexed and made part of this bill of exceptions.

It appears by the bill, which was originally brought by William S: Macfarlane against the defendant and one Mary Wilcutt.

tnat Macfarlane sought to enforce the payment of a sum of money, which he claimed to be entitled to receive from the balance in the hands of the defendant, which the plaintiff in this action seeks to recover. The defendant in its answer to the bill admitted to have received from the sale of the estate the sum of $8395, and in the account annexed to its answer claimed to be entitled to retain from the sum so received, not only the amount due upon the mortgage note with interest and taxes, but also certain expenses incurred in selling the estate, amounting in all to $6660, leaving a balance in its hands of $1734; and the answer alleged that Charles H. Chellis and Charles Powers, the plaintiff in this action, also made claims to this surplus.

Thereupon the bill was amended, and the several persons were made parties who were alleged to have demands against this fund in the hands of the defendant bank; and they were summoned to appear in order that their several claims and liens upon the fund might be determined. Among the persons so summoned were Charles H. Chellis and Charles Powers, the plaintiff, who both appeared and answered. The plaintiff in his answer alleged that he was entitled to receive the surplus in the hands of the bank after paying the amount of its mortgage and interest thereon.

It is to be observed that the plaintiff in his answer thus claimed to be entitled to receive the whole balance in the hands of the bank after paying the mortgage debt with interest and taxes, which amounted to the sum of $6170.72; this sum deducted from the amount received by the bank on the sale leaves $2224.28, which is the amount which he claims to recover in this action.

Issue was duly joined on the answer, and a decree was entered, to which the parties, including the plaintiff and defendant in this action, consented; and, by that decree, the plaintiff Macfarlane was entitled to receive out of the funds or balance in the hands of the defendant bank the sum of $300 with interest and costs, and after the payment to Macfarlane the bank was to retain its own costs as a party defendant, pay Charles H. Chellis $150, and then to "pay the balance of said fund in its hands remaining, or for which it is properly accountable, to Charles Powers." The decree does not state the amount of that fund,

but it seems to be clear that the fund mentioned in the decree is the surplus of $1734, which the bank by its answer admitted to be the balance in its hands, and to which it alleged that Chellis and Powers claimed to be entitled. But whether it was or not, this action cannot be maintained, because the amount that the plaintiff was to receive from the defendant was distinctly put in issue by the pleadings and determined in that court. If there is any doubt as to the amount of the sum named in the decree, from which the several payments are to be made, or if there is any mistake or ambiguity in the words quoted above, namely, " pay the balance of said fund in its hands remaining, or for which it is properly accountable, to Charles Powers," the remedy, if the plaintiff has any, should have been sought in that court; for the sum for which the defendant is " properly accountable" must mean accountable in that suit in equity, and cannot be passed upon and determined in this action at law. *Bigelow* v. *Winsor*, 1 Gray, 299.                *Exceptions sustained.*