STEPHEN STANLEY & others *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.   January 19, 1900. — May 18, 1900.

Present: MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Order of County Commissioners — Decree of this Court — Crossing of Streets by Railroad — Statute — Contempt.*

At the trial of a petition by the selectmen of a town asking for an order to show why the defendant railroad should not be adjudged guilty of a contempt for failing to comply with an order of the county commissioners, and a decree of this court, it appeared that the order decreed how the railroad should cross certain streets, and further provided as to raising and carrying B. Street over the

railroad but made no reference to C. Street, from the northerly line of whose westerly terminus a portion of B. Street was originally laid out. The railroad did not touch C. Street, or go over or under it. The decree of this court ordered the defendant to comply with the order of the county commissioners "and to construct said bridge and such approaches thereto as may be necessary, according to the terms of said order." The bill in equity in which the decree of this court was rendered sought merely to have the order of the county commissioners enforced; the evidence showed that the order was fully complied with when the present proceedings were begun, and the petitioner's counsel admitted that the order had been literally complied with. He relied, however, upon the language of Pub. Sts. c. 112, § 120, as to a railroad passing over or under a highway. *Held*, that this section should be read in connection with §§ 135 and 136 of the same chapter; that the basis of the action of the court was a decree of the county commissioners; that the decree was specific and definite; and that the order of the single justice in adjudging the respondent in contempt as to B. Street was erroneous, and in adjudging it not in contempt as to the non-construction of the approaches from C. Street was correct.

PETITION, by the selectmen of North Attleborough, filed April 11, 1899, praying that the respondent be held to answer for contempt. Hearing before *Morton*, J., who entered a decree with which both parties were dissatisfied, and at their request and before entry of the same reported the case for the consideration of the full court. The nature of the decree and the facts appear in the opinion.

*W. H. Fox*, for the petitioners.

*J. H. Benton, Jr.*, for the respondent.

LATHROP, J. Before 1887, no part of Broadway in North Attleborough had been laid out as a public way. On March 12, 1887, as the petitioners in their brief say, "evidently in anticipation of the coming of the railroad across it," the town laid out a portion of Broadway, beginning at the northerly line of the westerly terminus of Barrows Street, and running south 357.28 feet. Barrows Street ran east and west, and did not cross Broadway, which ran north and south.

In February, 1889, the selectmen agreed with the directors of the railroad company upon the route of the proposed railroad. This crossed Broadway diagonally but did not touch Barrows Street. In April, 1889, the county commissioners, upon a petition of the railroad company, alleging that they had agreed with the selectmen upon the route of the railroad which crossed "West, High, and Washington Streets," and asking the county commissioners to determine the manner in which the railroad

should cross said streets and any other highways or ways in said county, made a decree as to the three streets named, and further provided: " Broadway is to be raised and carried over the railroad at a grade of six feet in one hundred feet by a bridge eighteen feet above the railroad track forty feet wide, a roadway twenty-three feet wide and sidewalks on each side thereof six feet wide."   No other reference was made to Broadway, and no order was made in respect to changing the grade of, or in any way altering, Barrows Street or any intersecting street.

The railroad company contended, at the time of this decree of the commissioners, and subsequently thereto, that Broadway was not a duly laid out public highway, and constructed its railroad without reference to the alleged existence of Broadway, so that, as constructed, the railroad crossed the alleged location of Broadway at grade.

In this state of things, on September 6, 1892, the selectmen of North Attleborough filed a bill in equity praying that the railroad company build its road over Broadway conformably with the decree of the county commissioners, and to cross the highway in the manner provided therein.

The case was sent to a master, who made a report, and was then heard by a single justice of this court on the master's report and exceptions thereto.   A decree was entered which adjudged Broadway to be a legal public way, recited the order of the county commissioners, and ordered the defendant to comply with it, " and to construct said bridge and such approaches thereto as may be necessary, according to the terms of said order or decree of the county commissioners."   This decree was made on March 9, 1894.   An appeal was taken to the full court, but the decree was affirmed by consent on November 22, 1894.

The present proceeding is a petition of the selectmen of North Attleborough, alleging that the defendant has failed to comply with the order of the county commissioners, and the decree of this court of March 9, 1894, and asking for an order to show cause why the defendant should not be adjudged guilty of contempt.

The case was heard by a single justice of this court upon an agreed statement of facts, which set forth in substance the pre-

vious proceedings, and also the following : On April 22, 1893, an extension of Broadway, running north from Barrows Street to Church Street, a distance of 1,170 feet, was laid out as a public way by the town. Soon after the decree of March 9, 1894, the railroad company built a bridge over its railroad at the crossing of Broadway, the bridge and abutments being constructed as required by the decree of the county commissioners. Differences then arose between the defendant and the town authorities as to the obligation of the defendant to construct approaches beyond Broadway as it existed when the decree was made, and to grade Barrows Street to correspond therewith ; the town contending that upon the extension of Broadway it was the duty of the railroad to extend the grade over the new portion of the way, and also to grade Barrows Street, as an intersecting street at the same grade ; and the railroad company contending that it was not required to extend the grade beyond the limits of Broadway as it existed at the time the decree was made, and was not required to grade Barrows Street at all.

In 1898 the railroad company graded Broadway up to the bridge on the south side, substantially in accordance with the order of the county commissioners, and on the north side of the bridge it was filled in to the required height, and graded from the bridge to the northerly terminus of Broadway as it existed when the decree of the county commissioners was made. It has not graded any portion of Barrows Street as such.

The slope of earth as thus left is from twelve to fifteen feet high at the end, both northerly on Broadway and easterly on Barrows Street, and the approaches on the north side in this condition make the bridge and Broadway at that portion of its line impassable for public travel.

Until Broadway was extended, as above stated, in 1893, Barrows Street was the only outlet from its northern terminus.

At the former hearing in this cause and at the hearing before the master, the questions whether the defendant corporation was required to construct an approach to its bridge along Barrows Street, and to construct an approach to its bridge northerly along Broadway as now extended, were not considered, and no evidence was introduced in relation thereto.

On these facts, the single justice adjudged the defendant in

contempt because it had not completed the approaches to the bridge on Broadway as ordered by the decree of March 9, 1894, and ordered it to complete the approaches to said bridge within sixty days; and adjudged it not in contempt as to the non-construction of the approaches from Barrows Street. Both parties being dissatisfied, the case was reported for the consideration of the full court, before entering a decree.

We are of opinion that on the facts stated the petition should have been dismissed. The respondent was not guilty of contempt, unless it had violated the decree of a single justice of this court, entered on March 9, 1894. This ordered the defendant " to comply with said order or decree of the county commissioners, and to construct said bridge and such approaches thereto as may be necessary, according to the terms of said order or decree of the county commissioners." The bill in equity in which the decree of March 9, 1894, was rendered sought merely to have the order of the county commissioners enforced. The agreed facts and certain plans in evidence show that this order was fully complied with when the present proceedings were begun; and the petitioners' counsel admitted at the argument before us that the order had been literally complied with.

The petitioners, however, rely upon the language of the Pub. Sts. c. 112, § 120: " If the railroad is constructed to pass under the way, the railroad corporation shall build such bridges, with their abutments and suitable approaches thereto, as will accommodate the travel upon the way; but no bridge for any purpose shall be constructed over a railroad at a height less than eighteen feet above the track of such railroad, except by the consent in writing of the board. The Supreme Judicial Court may, by suitable process in equity, compel a compliance with the provisions of this section." The words " the board " refer to the board of county commissioners, mentioned in previous sections. The section just quoted must be read in connection with the other sections of the chapter. Section 135 of the same chapter provides: " Original jurisdiction of all questions touching obstruction to highways or town ways, caused by the construction or operation of railroads, shall be vested in the county commissioners within their respective jurisdictions." And § 136 provides: " The Supreme Judicial Court may by proceedings in

equity compel railroad corporations to raise or lower a highway or town way, when the county commissioners have decided that such raising or lowering is necessary for the security of the public, and to comply with the orders and decrees of county commissioners, in all cases touching obstructions to such ways by railroads."

It seem to us clear that the basis of the action of the court is a decree of the county commissioners. If they exceed their authority the court will not act. *Nichols* v. *Boston & Maine Railroad*, 174 Mass. 379, 383. If the order is not sufficiently specific the same result follows. *Roxbury* v. *Boston & Providence Railroad*, 2 Gray, 460. If the order is sufficiently specific then the court may enforce it, but no jurisdiction is given to change it. In the case before us the order is specific and definite; and it has been carried out. The order referred to Broadway as it then existed. The county commissioners had no power in respect to Broadway as it might exist in the future, and they did not assume to act in regard to it. The order of the single justice in the matter before us, in adjudging the respondent in contempt as to Broadway, was therefore erroneous.

As to Barrows Street, the contention is that it formed a single street with Broadway as then laid out. But Barrows Street was laid out some years before Broadway was; and when Broadway was laid out it was an independent street. The railroad does not touch Barrows Street, or go over or under it. The order of the county commissioners does not refer to it, nor does the decree of March 9, 1894. The ruling of the single justice of this court on this point was right.

*Petition dismissed.*