INHABITANTS OF AMHERST *vs.* FLORENCE V. GATES.

Hampshire.    September 16, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equitable Restrictions.*

A deed of a lot of land to four grantees contained the following provision: "Said land is not to be enclosed farther west than the present fence, at the west end, which is a few feet west of the east side of said M's house, unless by consent of said M, and no building is ever to be erected on any part of said premises hereby conveyed, nor otherwise placed on said land, or any part thereof, meaning to have said premises kept as an open park for the benefit of said Grantees." It was found "that the restriction imposed was valuable to the respective lands of all the parties to the deed and that it was the intent of the grantor and grantees to benefit their respective lands thereby, and as a matter of law such restriction at the time imposed was appurtenant to the lands of all the parties to the deed and was forever." *Held,* that the reference to M did not affect the restriction that followed it; and that the equitable restriction prohibiting the erection of a building on the land and requiring the land to be kept as an open park for the benefit of the grantees continued to exist not only for the benefit of the land of the grantees but also for that of the adjoining lands of the grantor and became appurtenant to any parts into which those lands might be divided.

PETITION, filed in the Superior Court on April 15, 1916, by the town of Amherst, alleging that the petitioner had taken certain land on Main Street in that town for the purposes of a public library, that the respondent, Florence V. Gates, had some interest in the land, and that the parties had been unable to agree as to the amount of damage she had sustained by such taking; and praying that the amount of her damage, if any, might be determined by a jury in the manner provided by law.

The case was submitted to *Sisk,* J., upon an agreed statement of facts. The record of a suit in equity brought on May 29, 1911, by the petitioner and others against the respondent to restrain her from building a house on the land, including a master's report, was made a part of the agreed statement of facts. This also contained a statement of the contentions of the respective parties, a statement that the parties waived a trial by jury and the following stipulation:

"It is agreed by the parties that if the court shall find, as a matter of law, that said part of the respondent's land, admitted by her to be subject to building restrictions, is also encumbered and subject to 'park rights,' as contended for by the petitioner, the finding of the court shall be for said Florence V. Gates, respondent, for the sum of thirty-five hundred dollars ($3,500) with interest from the date of the taking, March 31, 1916, and costs.

"If on the contrary, the court shall find as a matter of law, that said part, so admitted by said respondent to be subject to building restrictions, is not encumbered and subject to 'park rights,' as contended for by the petitioner town, then in that case the finding of the court shall be for said Florence V. Gates, respondent, for the sum of fifty-two hundred and fifty dollars ($5,250) with interest from the date of the taking, March 31, 1916, and costs."

The material facts are stated in the opinion. The judge reported the case for determination by this court, concluding his report as follows: "Upon the foregoing statement of facts signed by counsel I find that said restricted part of the respondent's land was not encumbered and subject to 'park rights,' as contended for by the petitioner, and I find for the respondent Gates against the petitioner town in the sum of $5,250 and interest thereon from March 31, 1916. And costs. And at the request of the parties I report the case to the Supreme Judicial Court for final determination on said agreement of the parties."

*J. C. Hammond,* for the petitioner.

*D. H. Keedy,* for the respondent.

BRALEY, J. The respondent, either by grant, devise or inheritance, holds title to the land described in the petition, which has been taken in fee by the town for the site of a public library, under the deed of Martin Thayer to David Mack, Jr., Luke Sweetser, Jonathan B. Condit and Edward Dickinson, dated May 10, 1836, the material part of which reads as follows: "A certain piece of land lying in said Amherst between Boltwood's Hotel and said Mack's dwelling house called the Triangle lot and situated between the old and new roads and bounded on all sides by the highway, containing one acre and eight rods, more or less, and being the same which I purchased of George Montague and others and conveyed to me by them by their deed bearing

date on the 9th day of January A. D. 1836. Said land is not
to be enclosed farther west than the present fence, at the west
end, which is a few feet west of the east side of said Montague's
house, unless by consent of said Montague, and no building is
ever to be erected on any part of said premises hereby conveyed,
nor otherwise placed on said land, or any part thereof, meaning
to have said premises kept as an open park for the benefit of
said Grantees."

It is settled that this restriction is an equitable servitude or
easement passing with the conveyance of the premises to the
original grantees and all those who subsequently claim under
them in whole or in part. *Sprague* v. *Kimball,* 213 Mass. 380,
382. *Riley* v. *Barron,* 227 Mass. 325. The reference to the
grantor's immediate predecessor in title neither enlarges nor
restricts the grant. It is only for the purpose of identification
of the premises and the limitation as to further fencing without
his consent.

The question before us under the agreed statement of facts on
which the case is submitted is the measure of damages, the amount
of which is made dependent on the nature and extent of the restric-
tion. The petitioner contends that the restriction is not only a
prohibition against building, but there is "a further and additional
easement . . . to have said premises kept as 'an open park'
. . ., and that this right to an 'open park' enured to all per-
sons who at the time of the taking in this case were living on and
holding title to any of the lands remaining in" the common
grantor at the date of the original deed as well as those claiming
under Edward Dickinson and Luke Sweetser, to whose title the
town which also owns land formerly a part of Thayer's remain-
ing lands, has conditionally succeeded. The respondent while con-
ceding that she cannot enclose the land nor erect or place any
building thereon, claims that it "was not subject to an easement
consisting of the right to enter upon it and to resort thereto for
rest, enjoyment and recreation; that is, that it was not subject
to 'park rights' in the sense contended for by the petitioner." The
words are, to be "kept as an open park for the benefit of said
Grantees." It is obvious that there are no words of dedication
to the public, nor does the context warrant such construction by
implication. The agreed facts also are silent as to any oral state-

ment of the grantor or of any one authorized to act in his behalf that he intended to provide a park for the benefit of the public, or of any acts by him as a landowner from which such intention fairly can be inferred. We are unable to say that the land in question has ever been set apart and dedicated to the public use. *Attorney General* v. *Onset Bay Grove Association,* 221 Mass. 342. It also becomes unnecessary to discuss the question whether the restriction can be construed as intended to cover the grantor's adjoining lands. See *Clapp* v. *Wilder,* 176 Mass. 332; *Lipsky* v. *Heller,* 199 Mass. 310, 317.

The parties have incorporated in the agreed facts the record in a suit in equity brought by the petitioner and other interested parties against this respondent in which the scope of the restriction and her right to build on the land was in controversy. The master's report, upon which a final decree unappealed from was entered, contains these findings and ruling: "At the time of the conveyance of the original Triangle lot from Thayer to Condit, Sweetser, Dickinson and Mack, I find that the restriction imposed was valuable to the respective lands of all the parties to the deed and that it was the intent of the grantor and grantees to benefit their respective lands thereby, and as a matter of law such restriction at the time imposed was appurtenant to the lands of all the parties to the deed and was forever." It therefore must be held that not only the land of the grantees but the remaining or adjoining lands of the grantor were, and continued to be within the protection of the restriction. *Butrick, petitioner,* 185 Mass. 107, 113. *Barnes* v. *Huntley,* 188 Mass. 274. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 108, 109. While the restriction, as we have said, attached and became appurtenant not only to the estate of the several grantees but to any part or portion into which those estates might be divided, the record contains no reference to any act of the grantor or of the grantees or of any person claiming under them showing or tending to show any entry upon the land for the purposes of recreation, or of its improvement or beautification. We are left to the bare wording of the instrument and the circumstances existing at the date of the deed. The space undoubtedly was to be kept open furnishing light, air and prospect to the surrounding lands of the grantor and the grantees, and no limitation is placed

upon the right of those upon, whom such right is conferred to resort to the land for recreation and enjoyment in so far as its physical condition permitted.

We are accordingly of opinion that, the land being subject to such rights, the respondent under the agreement of the parties is entitled to judgment "in the sum of thirty-five hundred dollars with interest from March 31, 1916, and for her costs."

*So ordered.*