HAYMARKET REALTY COMPANY *vs.* JOSEPH P. SULLIVAN.

Suffolk.    March 5, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Termination of lease by lessor for breach of condition by lessee.  *Evidence,* Competency.  *Res Judicata.*

After the decision by this court in *Sullivan* v. *Vorenberg,* 241 Mass. 319, dismissing a bill in equity to enjoin the defendant therein from interfering with the plaintiffs' enjoyment of the premises described in a lease from the defendant to the plaintiffs therein and to have the lease declared in full force and effect, the defendant in that suit conveyed the property to a corporation which brought an action of summary process against one of the plaintiffs in that suit to obtain possession of the real estate. *Held,* that

(1) The pleadings, the master's report, and the final decree in the suit in equity rightly were admitted in evidence at the trial of the action in summary process, and the parties and their privies were bound thereby;

(2) It was proper to exclude evidence, offered by the defendant in the summary process, which sought to retry the issues raised and settled in the suit in equity;

(3) Immediately upon a notice under the provisions of G. L. c. 139, §19, given by the grantor of the plaintiff in summary process before the institution of the suit in equity above described, the right of possession reverted to him and vested in him without the requirement of an actual entry;

(4) If, previous to the giving of the notice above described, the premises had been used for illegal gaming, the validity of such notice to terminate the lessee's tenancy was not affected by the fact, if it was a fact, that the lessee had no personal knowledge of such improper use of the premises;

(5) The defendant in the summary process having contended that the plaintiff had waived the breach of the lease, a letter or notice of the plaintiff to the defendant demanding that he vacate the premises within forty-eight hours, or that, if more time was necessary, the plaintiff would "take the matter under consideration," was admissible;

(6) It was proper to order a verdict for the plaintiff in the summary process.

SUMMARY PROCESS for possession of the store upon the premises numbered 169 Summer Street, Boston. Writ in the Municipal Court of the City of Boston dated May 10, 1922.

On appeal to the Superior Court, the action was tried before *Sanderson,* J.  Material evidence and exceptions by the defendant are described in the opinion. At the close of the evidence, the trial judge ruled that the lease described in the opinion had been terminated by Vorenberg previous to his conveyance to the plaintiff, and thereupon, by his order, the jury returned a verdict for the plaintiff. The judge, at the request of the parties, reported the action to this court for determination under an agreement that, if his rulings as to the admission and exclusion of evidence and his direction to the jury were right, judgment was to be entered for the plaintiff, and that otherwise judgment was to be entered for the defendant.

*W. A. Buie,* for the defendant.

*C. B. Cross,* for the plaintiff.

BRALEY, J. The plaintiff by writ dated May 10, 1922, sues in summary process under G. L. c. 239, § 1, to recover or obtain " possession of the store upon the premises numbered 169 Summer Street, Boston." The defendant for answer says, " that he is in the occupancy of the demanded premises under and by virtue of a written lease to the defendant and Johanna E. Hartnett from Simon Vorenberg, the plaintiff's grantor, who, at the time of the execution of said lease and the said Lessees' entering into occupancy of said premises, was the owner in fee thereof; that the term of said lease is ten (10) years from the fifteenth day of June, 1917; that said lease and the term thereby created is in full force and effect; that the defendant has not and said lessees have not and neither of them has committed any breach of said lease; that if there has been any breach of said lease, it has been waived by the plaintiff; and that the defendant's title to the leasehold created by and existing by virtue of said lease is the only question involved in this proceeding." The lessor subsequent to the lease however conveyed the land to the plaintiff, who, if entitled to possession, can maintain the action against the defendant, the tenant of his grantor, even if he has never been the plaintiff's tenant, and the principal question is, whether Vorenberg had terminated the lease prior to his conveyance to the plaintiff. *Marsters* v. *Cling*, 163 Mass. 477, 478. *Green* v. *Tourtellott*, 11 Cush. 227, 230. *Howard* v. *Merriam*, 5 Cush. 563, 565, 570.

The lessor on March 9, 1921, notified the lessees that he had been informed " that you have been conducting illegal gaming on my premises which you occupy. My attention has been called to the newspaper article indicating that the police took a large number of people from your place as a result of a raid, in which they found gaming implements. Of course, I cannot tolerate such conduct in any premises owned by me. I, therefore, beg to inform you that I have terminated your lease as provided in General Laws, Chapter 139, Section 19, and I demand that you move immediately from the premises." The lessees thereupon brought suit in equity to restrain and enjoin the lessor from interfering with their occupation, and that the lease be declared to be in

full force and effect. The pleadings, and the master's report were rightly admitted in evidence, and the final decree dismissing the bill is binding on the parties and their privies. *Powers* v. *Chelsea Savings Bank*, 129 Mass. 44. *Corbett* v. *Craven*, 193 Mass. 30, 35. *Amherst* v. *Gates*, 233 Mass. 583. But after reference to G. L. c. 139, § 19, it was said in the opinion in *Sullivan* v. *Vorenberg*, 241 Mass. 319, 321, " We do not, however, find it necessary to consider the bearing of this statute on the rights of the parties." The lease having contained a covenant that " the premises shall be used for business purposes only " and that " no use shall be made thereof which shall be unlawful, improper, noisy, or offensive or contrary to any law of the Commonwealth or ordinances or by-laws of the City of Boston," it was held, that "The tenant, as found by the master, used the premises in an unlawful manner; and for this breach of the covenant . . . the lessor could under the terms of the lease enter and repossess himself of his former estate and expel the lessee." The decree therefore determined only that the premises had been habitually resorted to and used for illegal gaming, as claimed by the lessor and found by the master.

The defendant's offer of proof was excluded rightly. It sought to retry the issues raised and settled in the suit in equity. The governing statute is in these words, " If a tenant or occupant of a building or tenement, under a lawful title, uses such premises or any part thereof for the purposes of prostitution, assignation, lewdness, illegal gaming, or the illegal keeping or sale of intoxicating liquors, such use shall at the election of the lessor or owner, annul and make void the lease or other title under which such tenant or occupant holds and, without any act of the lessor or owner, shall cause the right of possession to revert and vest in him, and he may, without process of law, make immediate entry upon the premises, or may avail himself of the remedy provided in chapter two hundred and thirty-nine."

The statement of the lessor in his notice to the tenants that he had terminated the lease, with the demand that they remove immediately from the premises cannot be given the effect of an actual entry for breach of covenant. *Atkins* v.

*Chilson,* 9 Met. 52, 62.   It is true as the defendant further contends that a mere right of reëntry could not be conveyed at common law, which remains unchanged by our statutes relating to the conveyance of rights in real property. *Guild* v. *Richards,* 16 Gray, 309, 318.   *Trask* v. *Wheeler,* 7 Allen, 109, 111.   *Saxeney* v. *Panis,* 239 Mass. 207, 210. The date of the deed to the plaintiff was after the date of the notice.   The tenancy accordingly had been terminated by force of G. L. c. 139, § 19.   The fact that the premises were used for illegal gaming is decisive;  " such use shall at the election of the lessor or owner annul and make void the lease . . . under which such tenant ·. . . holds."   See Rev. Sts. c. 130, § 9;  St. 1855, c. 405, § 3;  Gen. Sts. c. 87, § 8;  Pub. Sts. c. 101, § 8;  R. L. c. 101, § 10, as amended by St. 1914, c. 624, § 13, where the words " at the election of the lessor or owner " do not appear.   The notice of termination, even if given before the suit in equity was begun, was sufficient to show the lessor's election, as the event proved the tenants had used the premises in the manner stated in the notice.   No further, or new notice after the final decree, was necessary.   The statute also provides, that without any further action by the lessor the right of possession reverts and vests in him, and no actual entry is required.   The lessees therefore ceased to be tenants, and became trespassers. If they did not vacate, the lessor without process of law could make immediate entry, and eject them, or he could avail himself of the remedy of summary process.   G. L. c. 139, § 19.

The question whether the defendant of his own knowledge, or from any information he had received knew that " bookmakers went into your place of business and placed bets there," was properly excluded.   If the premises were used for illegal gaming, it is immaterial that the defendant had no personal knowledge of such use.   *Chase* v. *Proprietors of the Revere House,* 232 Mass. 88, 95.

The letter or notice of the plaintiff to the defendant demanding that he vacate the premises within forty-eight hours, or that if more time was necessary the plaintiff

would " take the matter under consideration," was admissible under the defence of waiver.

The trial court correctly ruled that the lease had been terminated, and the verdict for the plaintiff was rightly ordered. By the terms of the report the entry must be,

*Judgment for the plaintiff on the verdict.*