WILLIAM HARRISON *vs.* CITY OF FALL RIVER.
ARTHUR H. PREVOST. *vs.* SAME.
CHARLES GRIME *vs.* SAME.

Bristol.    October 25, 1926. — November 24, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Res Judicata. Civil Service. Mandamus. Practice, Civil,* Findings by trial judge.

After a hearing of a petition by one alleging himself to be duly enrolled in the classified civil service and permanently employed by a city, seeking a writ of mandamus directing his reinstatement because, after a suspension on account of "a lack of funds in the department" and a hearing at his request, the proper board gave no notice of its decision "within three days after the hearing," a single justice of this court found the facts to be as alleged and that the petitioner was refused employment in the department although there was work to be done there which he was capable of doing and willing to do, and ordered the writ to issue. At the trial of an action of contract by the employee to recover wages for the time during which he had been refused employment, it was *held*, that

(1) Evidence to show the financial condition of the department in which the plaintiff was working was not admissible;

(2) The findings of fact at the hearing of the petition for the writ of mandamus, so long as that writ stood unrevoked, could not be denied, contradicted, or controlled in any action at law or suit in equity between the parties to that petition, where the same facts were in issue;

(3) The conclusive character of the judgment in the mandamus proceeding, so long as the judgment was unrevoked, was not affected by the fact, appearing in the action of contract, that the petitioner, after his discharge, did not request a hearing by the discharging board, nor have a hearing, although he "made repeated requests to be given

his former work"; there being nothing to show that the defendant city, at the hearing in the mandamus proceedings, offered evidence of such lack of requests or of a hearing, or sought any rulings on such a state of fact, or saved any exceptions to the rulings by the single justice.

THREE ACTIONS OF CONTRACT for wages alleged to be due the plaintiffs, employees of the defendant in the civil service, for periods during which they respectively unlawfully were refused employment. Writs dated March 1, 1926.

In the Superior Court, the actions were heard by *Walsh,* J., without a jury. Material evidence, requests by the defendant for rulings, and facts found by the judge are stated in the opinion. The trial judge found for the plaintiffs; in the action by Harrison in the sum of $936.07, in that by Prevost in the sum of $1,169, and in that by Grime in the sum of $1,553.55. The defendant alleged exceptions.

The cases were submitted on briefs.

*J. T. Farrell,* for the defendant.

*T. C. Crowther,* for the plaintiffs.

PIERCE, J. The plaintiff in each of the above entitled actions, which sounded in contract, on January 9, 1925, was duly enrolled in the classified civil service and permanently employed in the water department of the city of Fall River. The plaintiffs Harrison and Prevost on January 9, 1925, and Grime on January 10, 1925, each received a notice from the said water department to the effect that he was suspended or laid off because "of a lack of funds in the department." On their applications, the plaintiffs Harrison and Prevost were given a hearing by the water board, but no notice of its decision was given either plaintiff "within three days after the hearing," as G. L. c. 31, § 43, provided should be given. The plaintiff Grime did not request a hearing "but made repeated requests to be given his former work." In the case of each plaintiff there was work in the department to be done of the kind the plaintiff was engaged in at the time of his suspension, and there was a continued need of such work to be performed by some one during the period covered by the action of each plaintiff.

Upon the several petitions of Harrison, Prevost and Grime, peremptory writs of mandamus were issued on February

13, 1926, ordering in each petition that the plaintiff be reinstated in his employment in the water department. In each writ as issued a single justice of this court adjudged after full hearing "that your petitioner was duly enrolled in the classified list of the public service of the Commonwealth and duly and permanently employed" as a skilled laborer in said water department of said city for a period (in the case of Harrison of over twelve years); (in the case of Prevost of over nine years); (and in the case of Grime of over six years); "that he . . . [Harrison, Prevost or Grime] continued in said employment up to January 9, 1925, when he was discharged illegally, without just cause and in violation of the" provisions of G. L. c. 31, §§ 43–45; "that he has since been refused employment in said department although there was work to be done there which your petitioner was capable of doing and ready to do."

After the hearing of each action in the Superior Court the judge, sitting without a jury, in substance found that the plaintiff therein was a laborer in some described capacity in the water works department of the defendant city, and was within the classified civil service; that he was illegally discharged on January 9, 1925, and by virtue of a writ of mandamus issued by the Supreme Judicial Court he was reinstated on March 1, 1926; that between said dates he was refused employment, although there was work which he could have performed; and that he acted in good faith in seeking other sources of income.

At the hearing in the Superior Court of the actions of Harrison and Prevost the defendant offered, and the judge refused to receive, testimony tending to prove the financial condition of the water department at the time these men and eighteen other employees of that department were suspended as was alleged "for lack of funds"; and offered to show from such testimony "that the right of the plaintiff[s] to continuous employment not having been established, it was within the exercise of the discretion of the water board acting in good faith in reducing expenses that these men were laid off." The defendant in the action by Prevost asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. Since plaintiff made no request for reëmployment and was never refused work, he acquiesced in his suspension.

"3. If plaintiff really believed he would not be reëmployed, it became his duty immediately to seek other employment.

"4. Plaintiff had no right to continuous employment in the absence of funds which, in the opinion of the defendant were necessary to maintain department at its former level.

"5. When in order to live within departmental receipts it became necessary to curtail operations, the method by which operating expenses were to be reduced was within the discretion of the defendant.

"6. Unless plaintiff proves that the defendant abused their discretion in reducing operation expenses of the department he cannot recover the amount claimed.

"7. Even if the plaintiff proves a technical illegality in his suspension he must show that there was work to do to which he had a superior right than the right of those who were doing it in order to recover anything more than nominal damages."

In the action by Harrison, the defendant also asked for the following ruling: "The plaintiff cannot recover for loss of wages after the time he entered into business of his own accord."

The rulings requested by the defendant in the action by Grime were as follows:

"2. Plaintiff never applied for a hearing, therefore is not entitled to recover.

"3. Plaintiff was never refused work, and in fact worked after his suspension and left the work of his own accord, and therefore he acquiesced in his suspension.

"4. Even if the court finds that the plaintiff did not acquiesce in his suspension, he can only recover nominal damages.

"5. If the plaintiff believed that he would not be reëmployed, it became his duty immediately to seek employment elsewhere.

"6. The acts of public officers are presumed to have been done in good faith.

"7. Plaintiff was suspended in good faith and in a legal manner, and therefore he cannot recover."

In the Prevost and Harrison actions, the judge gave request numbered 3 and refused to give all the others. In the Grime action, he gave the rulings numbered 5 and 6 and refused the others.

The exclusion of the offered testimony and denial of the requested rulings were right. The failure of the water board to make decision within three days after the hearing rendered a further continuance of the suspension from employment of Harrison and Prevost illegal and such continued suspension was a manifest violation of the letter and spirit of G. L. c. 31, §§ 43–45. Moreover, the findings of fact, contained in the several orders of a justice of this court that peremptory writs of mandamus issue to the defendant, cannot be denied, contradicted or controlled in any action at law or in equity between the parties to the petition for mandamus where the same facts are in issue and the judgment that the writ issue stands unrevoked. *Baxter* v. *New England Marine Ins. Co.* 6 Mass. 277. *Foye* v. *Patch*, 132 Mass. 105. *Boston Bar Association* v. *Casey*, 213 Mass. 549, 556. *Correia* v. *Portuguese Fraternity*, 218 Mass. 305, 307. *Haymarket Realty Co.* v. *Sullivan*, 249 Mass. 262. *McCracken's Case*, 251 Mass. 347. In addition to the legal effect of the findings of fact upon all parties to the petition, the order for the issuance of the writ necessarily was an adjudication that in each petition the plaintiff had not acquiesced in his suspension and that he had seasonably availed himself of his rights in the premises. *Ransom* v. *Boston*, 196 Mass. 248, 251. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. See also *Cassidy* v. *Transit Department of Boston*, 251 Mass. 71.

The action of Grime differs in its facts from the actions of Harrison and Prevost, in that Grime, after his suspension from employment, did not request of the water board a hearing and had no hearing, but "made repeated requests to be given his former work." The requests for rulings

at the trial in the Superior Court seemingly would have offered a complete answer to the petition of Grime, but there is nothing in the record to indicate that at the hearing in this court on the petition the defendant asked for like rulings or that there was any evidence presented which would justify such requests. However that may be, the record does not disclose that the defendant made any requests for rulings of law at the trial on the petition, or that it saved any exceptions to any rulings of the single justice. In this situation the findings of fact and the rulings of law at the hearing on the petition are conclusive of the rights of the same parties in the action of contract in so far as that action involves the same issues of fact.

There is nothing in the record of any of the actions which would warrant a reversal of the findings of the judge in the matter of the damages sustained by the plaintiff through the illegal action of the defendant. It follows that the entry in each action must be, exceptions overruled.

*So ordered.*