HARRY ROSENBERG *vs.* VASIL PETER & another.

Worcester. September 24, 1929. — October 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Res Judicata. Evidence,* Competency. *Practice, Civil,* Exceptions: whether error harmful.

The declaration in an action of contract contained three counts, two for use and occupation of certain real estate and a third for rent of the same premises, in a less amount, under a lease in writing. The plaintiff presented evidence that the premises had been held by the defendant under the lease described in the third count; that there had been a fire; that the lease contained a provision in substance that, if a destructive fire occurred on the premises, the plaintiff might elect to terminate the lease; that afterwards he had told the defendant he might remain if he would pay more rent upon certain conditions; and that the defendant remained. The defendant under a plea of *res judicata* introduced the pleadings in an action with similar counts based on the same contention as that above stated and relating to a previous period of occupancy by the defendant and, subject to exceptions by the plaintiff, was also permitted to introduce the charge by the judge at the trial of that action, to show that the questions, whether the plaintiff effectively had elected to terminate the lease and whether a new substitute agreement of tenancy had been made, were considered by the jury. In the former action, the jury had found for the lesser sum claimed. The second action was heard by a judge without a jury, who found against the plaintiff on the count for use and occupation and for him on the count under the lease. On exceptions by the plaintiff, it was *held,* that the charge by the presiding judge at the trial of the earlier action was rightly admitted for the purpose of showing the issue or issues submitted to the jury at the trial of that action.

An exception to the admission in evidence at the hearing above described of the record of another similar action where it appeared that, although there had been a verdict for the plaintiff, the action did not go to judgment but was still on the "inactive list," was overruled because in the circumstances it did not appear that the admission was harmful although it was erroneous.

CONTRACT. Writ dated August 11, 1924.

The pleadings and proceedings at the hearing in the Superior Court by *Whiting,* J., without a jury, are described in the opinion. The judge found for the plaintiff on a

third count of the declaration in the sum of $2,087.12. The plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff.

*J. C. Donnelly*, for the defendants.

PIERCE, J.  This is an action of contract brought upon three counts in the plaintiff's declaration.  The first two counts are for use and occupation of a parcel of land with the buildings thereon situated on the northeastern side of Herman Street in Worcester, from September 8, 1922, to August 11, 1924, together with interest thereon.  The third count is upon a written lease dated July 23, 1919, by which the defendants agreed to pay the plaintiff the sum of $67.50 per month for the premises described.  This count alleges that the defendants owe the plaintiff the sum of $1,552.50 as rent from August 23, 1922, until July 23, 1924, if said lease was in force and effect during that period.  The answer of the defendants is a general denial, and the further answer that all the facts involved in the present action have been previously adjudicated in an action between the same parties involving rent for a period previous to the rent claimed in the plaintiff's declaration in this action; and that all issues involved in the present action have been actually tried and determined in the said previous action, and that the plaintiff is therefore estopped from prosecuting this action.

The case was tried to a judge of the Superior Court without a jury.  At the close of the evidence the defendants asked the judge to allow a motion that the plaintiff could not recover on the first and second counts on the ground that the claim made thereunder was *res judicata*; but they admitted the plaintiff was entitled to recover on the third count.  The defendants' motion in writing was allowed and the plaintiff's exceptions were saved upon this ruling. The judge then found for the plaintiff on the third count. The case comes before us on the plaintiff's exceptions to this ruling and to the admission of certain evidence at the trial.

All the material evidence including, by consent of the plaintiff and defendants, the docket entries in cases num-

bered 24571 and 25469, entitled Harry Rosenberg *v.* Vasil Peter et al. and Tr. respectively, is contained in the bill of exceptions. From this evidence it appears that the lease referred to in count three of the plaintiff's declarations was executed on July 23, 1919, and ran for a term of five years, at the rate of $67.50 a month. On August 23, 1920, a large fire destroyed, as the plaintiff contends, one of the buildings on the premises. The plaintiff's contention is that subsequent to the fire he notified the defendants that the fire broke the lease; that he was going to charge more rent; that as a result of the conversation then had the defendants agreed that they would pay $125 per month, and the plaintiff told them that they could use a passage-way which had been expressly excluded by the lease and could use a triangular piece of land which was not included in the lease.

On August 15, 1921, the plaintiff brought an action against the defendants with a declaration in two counts, one for the use and occupation of the premises occupied by the defendants on the northeasterly side of Herman Street at the rate of $125 per month for a period between August 23, 1920, and August 15, 1921. A second count was upon an account annexed, for the same time at the same rate per month. Except that they cover different months, the action in that suit and counts one and two in all subsequent suits are alike, in that the actions are based on the alleged oral contract made after the fire. At the conclusion of the action upon the writ dated August 15, 1921, the trial judge ordered a verdict for the defendants; the case was afterwards settled by agreement of parties.

On September 8, 1922, the plaintiff brought an action (No. 24571) against the defendants on the oral agreement to recover for the use and occupation of the same premises on Herman Street; and on a second count annexed to recover the same sum for the same time as in the first count for use and occupation. In action No. 24571 the plaintiff was allowed to amend his declaration by adding a third count upon the covenants to pay rent contained in the lease dated July 23, 1919, *supra*. In this action there was a verdict

by the jury for the plaintiff. The docket entries disclose that this case did not go to judgment and at the trial of the present action remained on the "inactive list." The record of this case was admitted erroneously.

Subsequently, the plaintiff brought another action against the defendants. The declaration in this action, No. 25469, alleges rent for the use and occupation of the same premises as in the prior suits, from September 8, 1922, to January 25, 1923, and an account annexed covering the same period at the same rate, i. e. "Peter Bros. to Harry Rosenberg, January 25, 1923, to use and occupation of land on Hermon St. from Sept. 8, 1922 to Jan. 25, 1923 at the rate of $125 per month, $570.72." In this action the plaintiff was allowed to amend his declaration by adding a third count, which reads: "and the plaintiff says that he made a leasehold agreement with the defendants dated July 23, 1919, by which the defendants agreed to pay him the sum of $67.50 per month, and that the defendants have not paid the amount due under said lease, but have continued to occupy the premises described therein, claiming to hold under said lease. And the plaintiff says that if said lease was in force and effect as of the date of the bringing of this suit, and the defendants claim said agreement was in force and effect, then the defendants owe the plaintiff the sum of $337.50, together with interest thereon, according to the account hereto annexed marked 'B,' or in all the sum of $347.62 Count 'B,' Peter Bros. to Harry Rosenberg. One, to use and occupation of property on Hermon St. at $67.50 per month from August 23, 1922 to Jan. 23, 1923, $337.50. Two, to interest on the several payments at six per cent $10.12, total $347.62." On June 22, 1926, the jury brought in a verdict for the plaintiff in the sum of $406.69 and the case went to final judgment on August 2, 1926.

The presiding judge in the instant action admitted in evidence the pleadings in No. 25469, subject to the exception of the plaintiff; and subject to the plaintiff's exception he also admitted in evidence the charge of the judge in case numbered 25469 which, in so far as it is material to the defence of *res judicata*, reads as follows: "These defendants

had a lease, and in that lease it was provided, in substance, that in case the building should be destroyed or damaged by fire so that they were unfit for use and occupation in the condition in which they were left by the fire . . . that then the tenants could have an abatement from the rent proportionate to the damage, or the landlord, the present plaintiff, could at his election terminate the lease. Well, now, it really is not in issue in this case how much the buildings were damaged; whether they were damaged enough to make applicable that provision or not, at least nothing definitely upon that question, as I thought at one time it would, because the law is conceded to be that the lease was not terminated against the will of these defendants by an entry by the landlord under that provision to terminate the tenancy. It is agreed that there was no such termination as that, and the question, whether the fire was bad enough to have justified a termination of the lease, is material only on the question what the parties actually did by way of agreement, if anything, after the fire. It is agreed that the lease remained in full force and effect and that would make the rent $67.50 a month unless there was a mutual agreement to the contrary between the parties after the fire, and this case depends entirely upon the issue whether there was a mutual agreement between these parties after the fire whereby the rent was raised to $125 a month. The plaintiff says, in substance, 'I had a situation because of the fire where under the provisions of the lease I had a right to terminate this lease by entry and put these tenants out because the fire had made these premises unfit for use and occupation, and I could have exercised that right; the defendants knew that I could have exercised that right; they recognized the situation and so when I proposed that they should remain under a new tenancy for $125 a month, they said, 'all right,' and thereby a new contract was created, a new tenancy at $125 a month.' If you believe that is what happened, Gentlemen, you will find for the plaintiff in the larger sum, which, with interest amounts to $687.57 — I have computed it all out for you. The defendants, on the other hand, say that didn't happen. They say that nothing was said about terminating the

tenancy until a long while after the fire, until some time in 1921, and then they never agreed to it; it was simply a claim made by the plaintiff to which they never assented, and they said after the fire, although they said something about getting a reduction of rent, which they had a right to ask for, although it was not necessarily agreed to on the part of the plaintiff; they say the plaintiff never exercised any right, if he had a right, to terminate the tenancy because of the fire, and that nothing in the world was said about that for a year, when the plaintiff did make some claim for a larger rent, but they never agreed to it. If you find their contention is correct, then all they owe is the amount of the original rent of $67.50 per month, and you will find for the plaintiff in that case for the smaller of these two sums, $406.69, which is figured with the interest up to date. The plaintiff, of course, has to have a verdict either way, because it is agreed that rent is owed him and has not been paid. But if you believe the plaintiff's story about the new agreement, you will give him the larger sum, and if you don't believe it you will give him the smaller sum. The burden is, of course, on the plaintiff to show you by the greater weight of evidence that he is entitled to the larger sum."

The case before us on the pleadings is between the same parties and concerns the same subject matter as is presented in counts numbered one and two in the declaration numbered 25469, with the difference that the claim or demand of the plaintiff in the last action covers a different period of time than does the claim or demand in the former action. The judgment in action numbered 25469, being upon a different cause of action than the demand of the plaintiff in the pending action, the burden of proof, on the defendant's plea of *res judicata* at the later trial, was upon the defendant to establish by a fair preponderance of evidence that a material fact in the former trial, here the making or not of an oral contract, was actually determined or directly in issue in the former trial and is again a material issue in the pending litigation and trial. *Foye* v. *Patch*, 132 Mass. 105. *Ransom* v. *Boston*, 196 Mass. 248. *Harrison* v. *Fall River*, 257 Mass. 545. The plaintiff

does not contend in his brief that the pleadings in No. 25469 were not admissible. The charge of the presiding judge was rightly admitted for the purpose of showing the issue or issues submitted to the jury. *Storrs* v. *Robinson,* 74 Conn. 566. *Follansbee* v. *Walker,* 74 Penn. St. 306.

. The error in admitting in evidence the pleadings in the action numbered 24571 evidently was attributable to the reliance of the judge upon the unintentional misstatement of the attorney for the defendants, not then contradicted by the attorney for the plaintiff, that that case went to judgment. In consideration of the indisputable fact that the same issue was decided adversely to the plaintiff in action No. 25469, which went to final judgment, we do not think there should be a new trial because of that error. It follows that the judge ruled rightly and the entry must be, exceptions overruled.

*So ordered.*