<hr />

JOSEPH PRENGUBER & another *vs.* VICTOR A. AGOSTINI.

Berkshire.    April 9, 1936. — May 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contempt. Equity Pleading and Practice,* Decree. *Equity Jurisdiction,* To correct final decree.

A defendant in a suit in equity who had complied with the literal terms of a final decree, not appealed from, which was erroneous in not affording the plaintiff all the relief to which he was entitled on the facts, could not be held in contempt; the error could not be corrected by indirection by the contempt proceeding.

PETITION, filed in the Superior Court on May 11, 1935, to have a defendant in a suit in equity in that court adjudged in contempt for failure to comply with the terms of a final decree.

The petition was ordered dismissed by *T. J. Hammond,* J., who then reported the case.

*M. B. Warner,* for the plaintiffs, petitioners.

*W. G. Brownson,* for the defendant, respondent, submitted a brief.

PIERCE, J.   Before March 13, 1933, the plaintiffs brought a suit in equity against the defendant, which involved the existence and location of a right of way from the plaintiffs' land west of Furnace Street, in North Adams, over land of the defendant, also west of Furnace Street, to that street. The case was duly referred to a master, who filed a report which was confirmed by an interlocutory decree. The master found facts showing that the plaintiffs had a right of way by prescription over the defendant's land and fixing its location.   A final decree was entered on March 13, 1933, establishing in favor of the plaintiffs a right of way as described in said decree. No appeal was taken by the

plaintiffs or the defendant from that decree, and the plaintiffs, so far as the record discloses, have never sought a correction of the final decree by a bill of review.

The final decree reads as follows: "This cause came on to be heard and was argued by counsel and thereupon, upon consideration thereof it is ordered, adjudged and decreed that a right of way be and hereby is perpetually established in favor of the land described in the plaintiffs' bill and now owned by the plaintiffs, over a strip of land approximately ten feet wide, described as follows: — Beginning at a point on the Westerly line of Furnace Street as established for the purpose of this case, (being the line of wall described as a Plank Retaining Wall and shown on Plan received in evidence as Defendant's Exhibit 6), which point is 30 feet Southerly from the point formed by the intersection of the Southerly line of the little house extended Easterly with said Westerly line of Furnace Street, thence Southerly along said Westerly line of said Furnace Street, a distance of 10 feet to a point; thence Northerly in a straight line to a point 6 feet Easterly from the Southeasterly corner of said little house on a line extending the Southerly side of said little house in an Easterly direction; thence Easterly along said Southerly line of said little house extended Easterly a distance of approximately 10 feet to a point; thence Southerly in a straight line to the point of beginning. The above describe[d] driveway extends in a straight line from the point where it intersects the said Westerly line of Furnace Street, to a point where it intersects the premises of the Plaintiffs. and that the defendant, his agents and servants be perpetually enjoined from obstructing or interfering in any manner with said right of way. And it is further ordered and decreed that the defendant restore the surface of said right of way, on or before July 1, 1933, as nearly as may be to the condition existing before the acts of the defendant complained of, and the plaintiffs are to have costs taxed as at law in the sum of Ninety-four dollars and ten cents and execution is to issue therefor."

Thereafter the plaintiffs filed a motion entitled "Motion to Correct Clerical Errors and Mistakes in Computations

in the Final Decree." On this motion the judge who heard the case on the master's report made the following ruling: "The master having found the plaintiffs entitled to a right of way approximately ten feet wide and it having been shown to the court that the description thereof as incorporated in the final decree is erroneous in that it does not describe a right of way approximately ten feet wide but describes a right of way not over four feet wide at its intersection with Furnace Street, so much of the plaintiffs' motion as in substance requests that the description set forth therein be substituted for the description heretofore incorporated in the final decree, is allowed." The defendant excepted to this ruling and his exceptions were sustained by this court, *Prenguber* v. *Agostini*, 289 Mass. 222, 225, on the grounds that the record did not disclose that the "decree originally entered was not the decree which he [the trial judge] intended to make" and "If there was error in the decree originally entered it was, so far as this record shows, in its nature judicial and not clerical. *Karrick* v. *Wetmore*, 210 Mass. 578, 579–580"; and that "The decree, therefore, could not be corrected on motion. *White* v. *Gove*, 183 Mass. 333, 340."

Following the rescript in the above case, on May 11, 1935, the plaintiffs filed in the Superior Court a petition for contempt against the defendant. A hearing was had on the petition at the July sitting of the court in 1935. The trial judge ordered "the petition for contempt dismissed," and reported the case to this court with a report of the material facts. At the hearing the master's report in the original suit in equity was put in evidence and seven witnesses were called, including one of the plaintiffs and the defendant. Two plans, marked Exhibits 1 and 2, were in evidence and, together with a copy of the petition for contempt, are annexed to the report. Exhibit 1 is a plan of the right of way as such right is described and determined by the final decree. Exhibit 2 is a plan which shows the right of way as it would be if the final decree were changed to conform to the plaintiffs' theory of the force to be given to the master's report.

On the evidence at the hearing on the petition for contempt, the trial judge found the following facts: (1) ". . . the right of way heretofore existing and used by the petitioners and their predecessors in title since 1881 was a right of way approximately ten feet wide and extended from the southerly line of the petitioners land across land of the respondent to Furnace Street as shown in Exhibit No. 2. It was acquired by prescription and was used for all general purposes including the passage of automobiles — and was of substantial value to the petitioners. The use of the right of way by automobiles however did not commence until 1908 or 1909"; (2) "Exhibit No. 1 correctly portrays the right of way as described by metes and bounds according to the wording of the final decree as entered"; (3) "The right of way as shown by Exhibit No. 1 has little or no value to the petitioners"; (4) "The respondent has cleared that portion of the right of way which is shown by Exhibit No. 1, so that the way can be used as a foot way — It can not be used for any other purpose"; (5) "The grade of the right of way as shown in Exhibit No. 1 varies from an eight per cent grade to a ten per cent grade as it extends to the north"; (6) "The respondent in the contempt action has complied with the literal wording of that part of the final decree which purports to set out the limits of the right of way by metes and bounds, as shown in Exhibit No. 1"; (7) "The respondent has not cleared a right of way that is approximately ten feet wide as shown in Exhibit No. 2 and refuses so to do, relying on the description of said way by metes and bounds as shown in Exhibit No. 1"; and (8) "The original right of way as shown by Exhibit No. 2 was blocked by the respondent in places to a depth of four feet by filling with rocks, stumps and other materials."

It is plain that the evidence on which the facts found were based was offered by the plaintiffs for the purpose of obtaining by indirection a reconstruction of the final decree and a substitution therefor of a decree which changed the right of way described in the final decree in substantial particulars. In the petition for contempt the merits of the original cause were not involved, and the only question for consideration

was whether the defendant had complied with the terms of the original final decree. . Whether or not the defendant would disobey a modified decree was not open for the consideration of the court. The defendant here "has complied with the literal wording of that part of the final decree which . purports to set out the limits of the right of way by metes and bounds, as shown in Exhibit No. 1." The question whether the final decree was erroneous was not involved. here. If the plaintiffs desired to have the final decree discharged, modified or corrected they should have done so in proceedings where the right claimed would be directly in issue. *Hamlin* v. *New York, New Haven & Hartford Railroad*, 170 Mass. 548, 551. *Irving & Casson—A. H. Davenport Co.* v. *Howlett*, 229 Mass. 560, 562. *New York Central Railroad* v. *Ayer*, 253 Mass. 122, 129.

*Order dismissing petition for contempt affirmed.*