## ANGELO BONIFAZI *vs.* GUIDO BRESCHI.

Norfolk.     December 10, 1936. — February 24, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Res Judicata. Equity Jurisdiction*, To enjoin infringement of easement. *Evidence*, Presumptions and burden of proof.

The dismissal of a petition, that the defendant in a suit in equity be adjudged in contempt for failure to remove various specified obstructions to a right of way over his land to which the plaintiff was entitled under a decree in the suit which included an order to remove only one specified obstruction, did not bar on the ground of *res judicata* a subsequent suit by the plaintiff for a mandatory injunction requiring removal of the same obstructions as those specified in the contempt petition, where it appeared that the dismissal of such petition was on the stated ground that the defendant had removed what the decree in the first suit had ordered removed.

The burden on the defendant of proving that a decree in a suit in equity, adjudging a right of way to be in the plaintiff and ordering the defendant to remove a specified obstruction, barred on the ground of *res judicata* a second suit for a mandatory injunction directing the defendant to remove other obstructions which were known by the plaintiff to be in existence when the decree in the first suit was entered, was not sustained where it did not appear that any question as to the obstructions which were the basis of the second suit was raised or adjudicated in the first suit, and where it could not be ruled as a matter of law on facts found that the plaintiff ought to have sought relief respecting them in the first suit.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated May 18, 1934.

The suit was referred to a master. Neither the master's report nor the pleadings contained a statement of the averments in the bill of complaint in the former suit by the plaintiff against the defendant in which the decree of March 25, 1931, referred to in the opinion, was entered. It was admitted in the pleadings that that final decree was in a form annexed to the bill. In substance that decree established a right of way in the plaintiff over land of the defendant twelve feet wide which was described by metes and bounds, and included the following paragraph: "3. That a certain cement post and wire fence situated on the easterly boundary of above described right of way be forthwith removed by the respondent." There was no mention in the decree of any other obstruction to the right of way and no further order as to clearing the way or keeping it clear. The master found by detailed description that the obstructions, as to which the plaintiff sought relief in the present suit, except the concrete sidewalk, were in existence, and were known by the plaintiff to be in existence, at the time that final decree in the former suit was entered.

There were entered, by order of *Fosdick*, J., an interlocutory decree confirming the master's report and a final decree granting to the plaintiff the relief sought. The defendant appealed.

The case was submitted on briefs.

*H. J. Webb*, for the defendant.

*H. L. Metcalfe & A. T. Handverger*, for the plaintiff.

PIERCE, J. This is a suit in equity, seeking an order for the removal of certain obstructions on a right of way.

It is alleged in the bill that the right of way was established by a final decree dated March 25, 1931, entered in the Superior Court for Norfolk County, in case number 15753, entitled Angelo Bonifazi *vs.* Guido Breschi *et al.*; that by that decree the plaintiff was given free and unobstructed use of that way; that there now exist obstructions therein, namely, a bank wall, a curbing, a lawn filled in several feet above the natural grade of the right of way, and a concrete sidewalk.

It is further alleged that the plaintiff conveyed a portion of his premises, together with the same right of way over the defendant's land, to the Franklin Petroleum Products Company, and that it has demanded that the plaintiff "secure to it a free and unobstructed passage over the right of way which it purchased." The defendant admits that the right of way was established by the above mentioned decree, but alleges that at the time of the decree all the obstructions complained of, with the exception of the concrete sidewalk, were in existence, and that the decree is binding on the plaintiff "in the light of conditions as they existed at the time of the entry of said final decree."

The defendant in his answer says that in January, 1933, the plaintiff filed a petition against the defendant in which were set out the same obstructions as are now relied on, and sought to have the defendant adjudged guilty of contempt for failure to remove them. This petition was referred to a master, who heard the parties and filed his report. On January 13, 1934, the petition, upon hearing by the judge, was dismissed, because the defendant was found to have complied with the decree. The defendant therefore alleges that the entire subject matter of the bill of complaint in the present suit became *res judicata*, and that the right of the plaintiff to have the relief sought therein is barred.

The master in the pending suit found the following material facts: By deed dated February 8, 1927, the plaintiff and his wife conveyed to the Franklin Petroleum Products Company a portion of their premises, but retained a twenty foot strip between the land which they conveyed and land of the defendant and others. The grantors also agreed to convey, on demand, the twenty foot driveway which was retained. In 1927, the Franklin Petroleum Products Company demanded that the plaintiff secure to it a right of way "twenty feet wide over land of Breschi to Alpine Place." At that time the plaintiff's original bill was pending. By the final decree entered March 25, 1931, the plaintiff was given a twelve foot right of way over the defendant's land between Alpine Place (an accepted street) and the twenty foot strip

of land still owned by the plaintiff. All the obstructions alleged by the plaintiff in this bill of complaint, with the exception of the concrete sidewalk, were in existence at the time the final decree was entered, and were known to be in existence by the plaintiff. A petition for contempt was later brought by the plaintiff, but was dismissed because of findings that the defendant had removed encumbrances which he had been ordered specifically to remove. A portion of the way in use at the present time between Alpine Place and land of Franklin Petroleum Products Company is over land of another party and such use is without right. If passage were excluded from such land, small trucks could pass, but larger trucks could not pass unless some of the obstructions were removed. The master's report was confirmed by an interlocutory decree, and a final decree was entered permanently enjoining the defendant from obstructing the right of way as located in the decree of March 25, 1931, and ordering him to remove all obstructions from the right of way, and to pay as damages $125 and as costs $24.20. The defendant appealed from the final decree.

It should be noted that this suit is here on the master's report and that this court is in the same position as the trial judge. *Frechette* v. *Thibodeau*, 294 Mass. 51, 54. The contention, that the dismissal of the petition for contempt constituted the matters here in issue *res judicata* merely because the petition for contempt contained allegations that obstructions here in question were being maintained, cannot prevail. The sole issue on that petition was whether the defendant had literally complied with the terms of the decree which specifically ordered the defendant to remove one set of obstructions. *Stanley* v. *Old Colony Railroad*, 176 Mass. 145, 149, 150. Compare *New York Central Railroad* v. *Ayer*, 253 Mass. 122, 128. If the defendant had done so he could not have been adjudged guilty of contempt in that he had not complied with an order which the plaintiff then sought. Nor could the plaintiff obtain a modification of the original decree by such a proceeding. *Prenguber* v. *Agostini*, 294 Mass. 491, 495. It follows that, as the obstructions now

in question were not involved in the petition for contempt, the dismissal of that petition would not bar the plaintiff in the present suit from seeking relief from these obstructions.

The contention of the defendant that the original suit and decree rendered the issue now in litigation *res judicata* remains for consideration. Generally speaking, the doctrine of *res judicata* operates when a bill is based upon the same cause of action that was the subject of a prior bill, in which case the issues raised and decided in the earlier suit, as well as those which could have been raised and decided, are conclusively settled by the earlier decree. *Karas* v. *Karas*, 294 Mass. 230, 231, and cases cited. Where the later proceeding is for a different cause of action, those facts necessarily involved in the prior adjudication, or which under proper pleading were actually passed on, are conclusively determined. *Sandler* v. *Silk*, 292 Mass. 493, 498.

In the case at bar the burden of proof on these issues was on the defendant. *Rosenberg* v. *Peter*, 269 Mass. 32, 37. *Sandler* v. *Silk*, 292 Mass. 493. It does not appear from the record in the case at bar that the questions here raised were actually considered in the earlier suit in which the plaintiff obtained an adjudication of his right to a way twelve feet in width, and consequently the defendant fails on this branch of the case for lack of proof.

The question remains, therefore, whether the plaintiff is barred on the grounds that he should have asked for relief in the former suit against the obstructions which form the basis of the present suit. Generally speaking, where a single tortious act results in several items of damage, any relief which may be obtained because of such an act must be obtained in a single action. *Bennett* v. *Hood*, 1 Allen, 47, 48. *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331, 332. *Folsom* v. *Clemence*, 119 Mass. 473, 474. *McCaffrey* v. *Carter*, 125 Mass. 330, 332. *Loughlin* v. *Wright Machine Co.*, *ante*, 11, 12. Where, however, different torts are committed by separate acts, although the acts may be more or less connected and the wrongdoer and the wronged may in each case be the same persons, the plaintiff is not forced to seek relief for all the wrongs in the same action,

even though he may do so if he chooses. *White* v. *Moseley*, 8 Pick. 356, 358, 359. See 2 Black on Judgments (2d ed.) § 741; 2 Freeman on Judgments (5th ed.) § 588.

In the case at bar the master found that some of the obstructions here sought to be removed were in existence at the time of the decree in the earlier suit. But the defendant has not shown that the obstructions were put on by a single act or that the situation was such that the plaintiff had only a single cause of action as to them. Thus, while it might have been desirable for the plaintiff to settle the whole matter in the earlier suit, it cannot be said that he was obligated to do so, nor has the defendant shown such inequitable conduct on the part of the plaintiff as to induce a court of equity to refuse relief. It would seem, therefore, that the plaintiff is entitled to the removal of the obstructions, including the concrete sidewalk which was not in existence at the time of the final decree in the earlier suit.

*Decree affirmed with costs.*